2010 UT 50

BEAVER COUNTY, Box Elder County, Cache County, Davis County, Iron County, Juab County, Millard County, Morgan County, Salt Lake County, Summit County, Tooele County, Utah County, Wasatch County, Washington County, and Weber County, Petitioners,

v.

UTAH STATE TAX COMMISSION, and T–Mobile USA, Inc., Respondents.

Nos. 20051010, 20060033.

Supreme Court of Utah.

Aug. 13, 2010.

David W. Scofield, Thomas W. Peters, Salt Lake City, for petitioners.

Mark L. Shurtleff, Att'y Gen., Laron J. Lind, Asst. Att'y Gen., Salt Lake City, for respondent Utah State Tax Commission.

Mark K. Buchi, Steven P. Young, Salt Lake City, for respondent T–Mobile USA, Inc.

PARRISH, Justice:

## INTRODUCTION

¶ 1 In this appeal, several Utah counties[1] (the "Counties") have petitioned for review of the Utah State Tax Commission's assessment of T–Mobile USA's ("T–Mobile") taxable property in Utah for the 2003 tax year. Concurrent with this appeal, T–Mobile sought de novo review of the Tax Commission's assessment in the district court, which acted as a "tax court," pursuant to Utah Code section 59–1–601, 602 (2008). The Counties' appeal to this court was stayed pending a final decision by the tax court.

¶ 2 The tax court issued a final decision on March 11, 2009. Because a final decision was reached, T–Mobile asserts that rule 15 of the Utah Rules of Appellate Procedure requires dismissal of this appeal or, in the alternative, that this appeal is moot under rule 37 of the Utah Rules of Appellate Procedure. We hold that rule 15 applies retroac-

1. These counties include Beaver County, Box Elder County, Cache County, Davis County, Iron County, Juab County, Millard County, Morgan County, Salt Lake County, Summit County, Tooele County, Utah County, Wasatch County, Washington County, and Weber County.

tively to the Counties' appeal and requires dismissal. Because we hold that rule 15 applies, we do not reach the merits of the Counties' appeal.

## BACKGROUND

¶ 3 On May 1, 2003, the Utah Tax Commission's Property Tax Division assessed the value of T–Mobile's taxable Utah property at $124,577,850. T–Mobile and the Counties petitioned the Tax Commission for a re-valuation of the property pursuant to Utah Code section 59–2–1007(1)(a) (2008). The Tax Commission held a formal administrative hearing and re-assessed T–Mobile's property at $117,850,000.

¶ 4 Subsequent to the issuance of the Tax Commission's order and new valuation, the Counties exercised their option to appeal the Tax Commission's decision directly to this court pursuant to Utah Code section 59–1–610.[2] T–Mobile concurrently exercised its option to petition for a de novo review of the Tax Commission's order in the district court, sitting as a tax court.[3] The Administrative Appeal was stayed pending a final order by the tax court, which it issued on March 11, 2009. The tax court re-assessed the value of T–Mobile's Utah property and entered a valuation of $74,750,000.

¶ 5 Upon the entry of the tax court's order containing the new value of T–Mobile's Utah property, the Counties, as well as the Tax Commission, appealed the tax court's decision to this court.[4] Specifically, they challenged the valuation methodology and standard of review employed by the tax court as well as the final property value. Additionally, the Counties argued that T–Mobile's goodwill should be included in the overall value of the taxable property. The proper valuation method and the inclusion of goodwill in the property value are issues that the Counties have raised in the Administrative Appeal as well as in the Tax Court Appeal.

¶ 6 T–Mobile argues that rule 15 of the Utah Rules of Appellate Procedure requires the dismissal of the Administrative Appeal upon the issuance of the final order by the tax court. In the alternative, they argue the Administrative Appeal is moot under rule 37 of the Utah Rules of Appellate Procedure.

¶ 7 The Counties challenge the application of rule 15 because it became effective after they initiated their Administrative Appeal. They assert that retroactive application would be inappropriate where their substantive rights to bring the Administrative Appeal would be affected. The Counties also argue that the Administrative Appeal is not moot because there remain justiciable issues about the true value of T–Mobile's taxable Utah property.

¶ 8 We have jurisdiction pursuant to Utah Code section 78A–3–102(3)(e)(ii) (2008).

## ANALYSIS

I. RULE 15 APPLIES RETROACTIVELY IN THIS CASE BECAUSE IT IS A PROCEDURAL RULE AND DOES NOT AFFECT SUBSTANTIVE RIGHTS

■ ¶ 9 Rule 15 of the Utah Rules of Appellate Procedure became effective January 4, 2010, several months after the Counties filed their petition for review of the Tax Commission's order in this court. Therefore, if rule 15 is to have any affect on our decision in this appeal, we must first find that it applies retroactively.

■ ¶ 10 In Utah, there is a " 'long-standing rule ... that a legislative enactment which alters the substantive law ... will not be read to operate retrospectively unless the legislature has clearly expressed that intention.' " *Evans & Sutherland Computer Corp. v. Utah State Tax Comm'n,* 953 P.2d 435, 437 (Utah 1997) (second alteration in original) (quoting *Madsen v. Borthick,* 769 P.2d 245,

---

**2.** For purposes of this opinion, we will call this appeal the "Administrative Appeal."

**3.** The Utah Code provides two separate avenues of appeal for those who are dissatisfied with a decision of the Tax Commission. Section 59–1–602 allows a party to appeal Tax Commission

decisions to a district court, sitting as a tax court, for a de novo review and section 59–1–610 provides for the ability to appeal to the Supreme Court for an administrative review.

**4.** For purposes of this opinion, we will call this appeal the "Tax Court Appeal."

253 (Utah 1988)). However, the rule against retroactive application does not apply "'where a statute changes only procedural law by providing a different mode or form of procedure for enforcing substantive rights' without enlarging or eliminating vested rights."[5] *Id.* at 437–38 (quoting *Roark v. Crabtree,* 893 P.2d 1058, 1062 (Utah 1995)). A procedural rule or statute that may be retroactively applied is one that is "'enacted subsequent to the initiation of a suit which do[es] not enlarge, eliminate, or destroy vested or contractual rights.'" *Bd. of Equalization v. Utah State Tax Comm'n,* 864 P.2d 882, 884 (Utah 1993) (quoting *Pilcher v. Dep't of Soc. Servs.,* 663 P.2d 450, 455 (Utah 1983)). It is one that "controls the mode and form of procedure for enforcing the underlying substantive rights" and "merely affects the judicial machinery available for determining substantive rights." *Evans & Sutherland,* 953 P.2d at 438.

¶ 11 In *Evans & Sutherland,* we held that amended Utah Code section 59-1-601, which allows for a de novo review of Tax Commission decisions in the district court, was procedural and thus could be applied retroactively. *Id.* We reasoned that "section 59-1-601 control[led] the mode and form of procedure for enforcing the underlying substantive rights." *Id.* Although the appellees in *Evans & Sutherland* argued retroactive application would "expose [them] to substantial additional costs of litigation because a de novo proceeding means starting over," we held the parties did not have a vested right to avoid additional costs of litigation on review of an agency decision. *Id.* We came to a similar conclusion in *Due South, Inc. v. Department of Alcoholic Beverage Control,* where we held that an amendment to Utah Code section 32A-1-120, which changed the applicable standard of review, should apply retroactively. 2008 UT 71, ¶¶ 12–14, 197 P.3d 82. We reasoned that "[t]he standard of review is a matter of procedural, rather than substantive, law … [and] [p]rocedural statutes …

which do not enlarge, eliminate, or destroy vested or contractual rights apply not only to future actions, but also to accrued and pending actions." *Id.* ¶ 14 (citation omitted) (internal quotation marks omitted).

¶ 12 Similarly, rule 15 controls the mode and form of procedure for enforcing the underlying substantive rights of the parties in this Administrative Appeal. Those rights are the proper valuation methods that should be used for assessing the value of taxable property in Utah. The Counties, as well as the Tax Commission, have asserted these rights in the tax court as well as before this court in the Tax Court Appeal. Thus, the dismissal of the Administrative Appeal will not enlarge, eliminate or destroy the Counties' vested rights. While the application of rule 15 may ultimately result in different standards of review of the Commission's decision in the tax court and in this court, that is a procedural matter and thus retroactive application of rule 15 is proper. We hold it should be applied in this case.

## II. APPLICATION OF RULE 15 REQUIRES DISMISSAL OF THIS APPEAL

¶ 13 Rule 15 establishes the procedures to be followed in the event that two separate but concurrent appeals are filed challenging the same Tax Commission decision—one in the district court, sitting as a tax court pursuant to Utah Code section 59-1-602(1), and another in the Supreme Court pursuant to Utah Code section 59-1-610. In such cases, the rule requires that the appeal in the Supreme Court "shall be, absent compelling circumstances, (1) stayed pending the resolution of the proceeding before the district court, and (2) dismissed upon the issuance of a final appealable order by the district court." Utah R.App. P. 15(a).

¶ 14 We have not previously examined what might constitute a compelling circumstance that would enable us to retain an appeal such as this one. And we do not do

---

5. Until today, this court has only had the occasion to analyze the appropriateness of applying *statutes* retroactively. This case involves a rule of procedure, rather than a statute. Nonetheless we hold that the same substantive analysis may be applied to either statutes or rules in determin-

ing the appropriateness of retroactivity. *See, e.g., Ex parte Luker,* 25 So.3d 1152, 1155 (Ala.2007) (deciding the appropriateness of retroactively applying a Rule of Civil Procedure and holding that a procedural rule that affected no substantive rights should be applied retroactively).

so in this case because the Counties have not addressed whether compelling circumstances exist that would prevent dismissal. The sole basis of their argument against the application of rule 15 is that it is a substantive rule and consequently should not be applied retroactively. Because the Counties have not demonstrated a compelling reason to retain this administrative appeal, we dismiss it pursuant to rule 15.[6]

## CONCLUSION

¶ 15 We hold that rule 15 of the Utah Rules of Appellate Procedure is a procedural rule and as such may be applied retroactively. Application of rule 15 requires dismissal of this Administrative Appeal because the Counties have not demonstrated compelling circumstances for retaining it. Because we hold that rule 15 applies, we do not reach the merits of the Counties' appeal.

¶ 16 Chief Justice DURHAM, Associate Chief Justice DURRANT, Justice NEHRING, and Judge PULLAN concur in Justice PARRISH'S opinion.

¶ 17 District Judge DEREK P. PULLAN sat.

---

**6.** Even if rule 15 did not apply, this appeal would nevertheless be subject to dismissal because it is moot. "'An appeal is moot if during the pendency of the appeal circumstances change so that the controversy is eliminated, thereby rendering the relief requested impossible or of no legal effect.'" *Frito–Lay v. Utah Labor Comm'n,* 2009 UT 71, ¶ 33, 222 P.3d 55 (quoting *Richards v. Baum,* 914 P.2d 719, 720 (Utah 1996)). In this case, the appeal filed by T–Mobile in the district court pursuant to Utah Code section 59–1–601 (2008) and the subsequent valuation decision issued by the district court rendered the Tax Commission's prior decision a "nullity." *Cf. Evans Sutherland Computer Corp. v. Utah State Tax Comm'n,* 953 P.2d 435, 443 (Utah 1997) ("Section 59–1–601's grant of jurisdiction to the district court ... effectively eliminates the Commission's role whenever one of the parties chooses to seek review under that section.") Because the Tax Commission's opinion that is the subject of this Administrative Appeal became a legal nullity upon issuance of the decision by the tax court, any determination by this court as to the correctness of the Tax Commission's opinion would be without legal effect, rendering this appeal moot.