**2011 UT App 417**

**STATE of Utah, Plaintiff and Appellee,**

v.

**Ramiro OSEGUERA Jr., Defendant and Appellant.**

**No. 20110274–CA.**

Court of Appeals of Utah.

Dec. 8, 2011.

Hakeem Ishola and Aaron Tarin, West Valley City, for Appellant.

Mark L. Shurtleff and Michelle M. Young, Salt Lake City, for Appellee.

Before Judges ORME, VOROS, and ROTH.

## DECISION

PER CURIAM:

¶ 1 Ramiro Oseguera Jr. appeals the denial of his "motion to clarify judgment on 402 motion." Oseguera obtained a reduction of the level of his offense pursuant to Utah Code section 76–3–402(2) after his completion of probation, *see* Utah Code Ann. § 76–3–402(2) (2008), and later filed the motion to clarify seeking a reduction of his original sentence. We conclude that the decisional process will not be significantly aided by oral argument. *See* Utah R.App. P. 29(a)(3).

¶ 2 In 2002, Oseguera pleaded guilty to theft, a third degree felony. As part of a plea agreement, the State agreed not to oppose "402(b) consideration upon completion

of probation,"[1] and to "defer to [Adult Probation & Parole's] recommendation at the time of sentence." The district court sentenced Oseguera to an indeterminate sentence of up to five years in prison, then suspended the sentence and placed him on probation. Oseguera successfully completed probation on November 4, 2003. Almost seven years later—in February 2010—Oseguera moved to reduce the level of his offense under section 76–3–402(2). Consistent with the plea agreement, the State did not oppose the motion, and the district court reduced Oseguera's offense to a class A misdemeanor.[2] Ten months later, Oseguera filed the "Stipulated Emergency Motion to Clarify Judgment on 402 Motion." In that motion, he requested a retroactive reduction of his sentence to the sentence for a class A misdemeanor.

¶ 3 The district court denied the motion seeking to reduce the sentence, stating that the original motion to reduce the level of the offense "was brought pursuant to [section] 76–3–402(2), which authorizes the court to 'enter a judgment of conviction for the next lower degree of offense' upon a defendant's successful completion of the terms of court-ordered probation." The court found it significant that "this opportunity for a defendant to have a judgment entered for the 'next lower degree of offense' occurs only after probation has been successfully completed, at which time the court is without jurisdiction to impose any further sentence in the case." The district court further concluded that the statutory language relied upon by Oseguera was contained in section 76–3–402(1), which "addresses the circumstances and considerations to be applied by the court at the time of the original sentencing."

¶ 4 Under Utah Code section 76–3–402(1), if a motion for a reduction of the level of the offense is granted at the time of sentencing, "the court may enter a judgment of conviction for the next lower degree of offense and impose sentence accordingly" if it concludes that "it would be unduly harsh to record the conviction as being for the degree of the offense established by statute." Utah Code Ann. § 76–3–402(1) (2008). Because the sentence has not yet been imposed, a trial court has jurisdiction to reduce the degree of the offense and impose the statutory sentence for the reduced offense. In contrast, Utah Code section 76–3–402(2) specifically applies to the circumstances presented by Oseguera's case, providing,

> If the court suspends the execution of the sentence and places the defendant on probation, whether or not the defendant is committed to jail as a condition of probation, the court *may enter a judgment of conviction for the next lower degree of offense:* (a) after the defendant has been successfully discharged from probation;
> . . . .

*Id.* § 76–3–402(2) (emphasis added).

¶ 5 Section 76–3–402(2) authorizes a court to "enter a judgment of conviction for the next lower degree of offense." *Id.* Unlike subsection (1) of the same statute, subsection (2) does not further authorize the court to "impose sentence accordingly." *Id.* § 76–3–402(1); *see also Cruz–Garza v. Ashcroft,* 396 F.3d 1125, 1131 (10th Cir.2005) (distinguishing Utah Code section 76–5–402(1), focusing "on matters leading up to and encompassed within the judgment of conviction" from section 76–3–402(2), which "deals specifically with probation compliance and does not involve any consideration of the offense and offender characteristics"). Under the plain meaning of subsection 76–3–

1. The provisions formerly contained in Utah Code section 76–3–402(b) now appear in Utah Code section 76–3–402(2). *See* Utah Code Ann. § 76–3–402(2) (2008).

2. Oseguera incorrectly states that the State promised in the plea bargain "to recommend section 76–3–402 'treatment' at the time of sentencing." The written statement in advance of the change of plea executed by Oseguera, his counsel, and the prosecuting attorney stated,

"State will not oppose 402(b) consideration upon completion of probation. State will defer to [Adult Probation & Parole's] recommendation at the time of sentence." The reference in the plea bargain was to the provision now appearing as section 76–3–402(2), which applies after completion of probation. Insofar as Oseguera claims on appeal that the State failed to comply with the plea bargain, that claim is not supported by the district court record.

402(2), Oseguera could obtain a reduction of the level of his offense, but he was not entitled to a reduction of the sentence that he had already served. Furthermore, upon imposition of a valid sentence, the district court loses jurisdiction to alter the sentence. *See State v. Montoya*, 825 P.2d 676, 679 (Utah Ct.App.1991). Oseguera does not dispute that his sentence was valid when it was imposed. Under the plea agreement, Oseguera could request a reduction of the level of offense after the successful completion of probation without opposition from the State. He received that reduction. We affirm the district court's denial of the supplemental motion to clarify, which sought a retroactive reduction of his sentence.