FILED
United States Court of Appeals
Tenth Circuit

June 25, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

RAMIRO OSEGUERA-GARCIA,
a/k/a Ramiro Oseguera, a/k/a Ramiiro
Oseguera, Jr.,

　　　　　Petitioner,

v.

ERIC H. HOLDER, JR., United States
Attorney General,

　　　　　Respondent.

No. 11-9554
(Petition for Review)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, **BALDOCK**, and **GORSUCH**, Circuit Judges.

Petitioner Ramiro Oseguera-Garcia petitions for review of a decision of the

Board of Immigration Appeals, challenging the BIA's determination that his 2002

state conviction for theft was an aggravated felony under immigration law. The BIA

relied on that determination to conclude he was removable as an aggravated felon and

---

[*]　　　After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

statutorily ineligible for cancellation of removal. It also will affect his ability ever to reenter the United States. *See Tapia Garcia v. INS*, 237 F.3d 1216, 1218 (10th Cir. 2001) (noting that 8 U.S.C. § 1182(a)(9)(A)(ii)-(iii) creates collateral consequence that alien's "removal and status as an aggravated felon render him permanently inadmissible unless the Attorney General consents to his reapplying for admission").

The government has moved to dismiss the appeal for lack of jurisdiction. We deny the government's motion to dismiss because we have jurisdiction under 8 U.S.C. § 1252(a)(2)(D) to consider a legal question as to whether a state conviction constitutes an aggravated felony under immigration law. *Hamilton v. Holder*, 584 F.3d 1284, 1286 (10th Cir. 2009). But we deny the petition for review because Mr. Oseguera concedes in his reply brief that the argument he raised in his opening brief is no longer tenable, Pet. Reply Br. at 1, 6, and we decline to consider the new argument he raises for the first time on appeal in his reply brief, *see Jimenez-Guzman v. Holder*, 642 F.3d 1294, 1297 n.1 (10th Cir. 2011).

## I. Background

Mr. Oseguera is a thirty-nine year old native and citizen of Mexico. He became a lawful permanent resident on January 9, 1989, when he was sixteen years old, but he presented evidence that his entire family moved to the United States when he was five years old.

Mr. Oseguera has five state criminal convictions in Utah. Four of them are indisputably for misdemeanor theft: two separate convictions in May 2000 and July

2000 for theft and theft by deception, a December 2000 conviction for retail theft, and a May 2007 conviction for theft. The fifth conviction, a January 2002 conviction for theft, was originally a third degree felony, *see* Admin. R. at 506, and that was reflected in Mr. Oseguera's sentence "to an indeterminate term . . . not to exceed five years in the Utah State Prison," *id.* at 667. His prison term was suspended, and he was sentenced to sixty days in the county jail. *See id.* at 667-68. He was also ordered to serve a thirty-six month period of probation and to pay a $555.00 fine. *Id.* at 668.

In 2010, Mr. Oseguera filed an unopposed motion in the state trial court for relief related to his 2002 felony theft conviction under Utah Stat. Ann. § 76-3-402(2). *See Utah v. Oseguera*, 267 P.3d 302, 303 (Utah App. 2011) (per curiam). That provision allows the trial court to "enter a judgment of conviction for the next lower degree of offense . . . after the defendant has been successfully discharged from probation . . . if . . . [it] is in the interest of justice." Utah Stat. Ann. § 76-3-402(2). The trial court granted Mr. Oseguera's motion in March 2010 and entered a judgment of conviction decreasing the severity of the 2002 theft charge "from 3rd Degree Felony to Class A Misdemeanor." Admin. R. at 612, 670. But when Mr. Oseguera later filed a motion to clarify his sentence, the trial court held that it lacked jurisdiction to reduce his sentence, which Mr. Oseguera had already served. *Oseguera*, 267 P.3d at 303.

In September 2010, the Department of Homeland Security ("DHS") initiated removal proceedings against Mr. Oseguera under 8 U.S.C. § 1227(a)(2)(A)(iii) based on his state felony theft conviction, which DHS asserted was an aggravated felony under immigration law, 8 U.S.C. § 1101(a)(43)(G). The government later added a charge against Mr. Oseguera under 8 U.S.C. § 1227(a)(2)(A)(ii) because he had been "convicted of two or more crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct." *See* Admin. R. at 640. Mr. Oseguera denied the charges concerning his convictions. He also sought cancellation of removal.

During the administrative proceedings, Mr. Oseguera disputed that his 2002 conviction was an aggravated felony for purposes of immigration law. He argued that the state court did not stipulate a sentence when it reduced his offense level to a misdemeanor under Utah Stat. Ann. § 76-3-402(2), but the sentence obviously had to be less than 365 days under state law. *See* Admin. R. at 206-10. He mentioned that he had filed an appeal from the state trial court's denial of his motion to clarify. The immigration judge ("IJ") decided that Mr. Oseguera was removable based on his multiple convictions for crimes involving moral turpitude and his third degree felony conviction, which was an aggravated felony under immigration law. *Id.* at 152, 160-63. And because the IJ concluded that Mr. Oseguera had been convicted of an aggravated felony, the IJ held that he was statutorily ineligible for cancellation of removal under 8 U.S.C. § 1229b(a)(3). Admin. R. at 164, 166-67.

The BIA affirmed the IJ's findings and dismissed Mr. Oseguera's appeal. Relevant to this appeal, the BIA upheld the IJ's determination that Mr. Oseguera's 2002 theft conviction was an aggravated felony under immigration law for two reasons: (1) the state court did not revise his felony sentence when it reduced the conviction from a felony to a class A misdemeanor, so the conviction remained a felony for purposes of immigration law; and (2) the reduction of the offense level under Utah Stat. Ann. § 76-3-402(2) was "in the nature of an expungement" and, as a result, was not recognized for immigration purposes under BIA precedent. Admin. R. at 4.

## II.  Discussion

In his opening brief, Mr. Oseguera challenged the agency's conclusion that his 2002 conviction for third degree felony theft qualified as an aggravated felony under immigration law, relying on *In re Cota-Vargas*, 23 I. & N. Dec. 849 (BIA 2005), a BIA decision that was not addressed by either the IJ or the BIA.  He argued that the BIA held in *Cota-Vargas* that it would give effect to a state court's sentence reduction---regardless of the motivation behind the reduction---and that he was entitled to have his third degree felony conviction treated as a misdemeanor for purposes of immigration law because his sentence had been reduced.

But Mr. Oseguera concedes in his reply brief that the argument he raised in his opening brief is no longer tenable.  Pet. Reply Br. at 1, 6.  He acknowledges that the December 8, 2011, decision of the Utah Court of Appeals in his appeal from the

- 5 -

denial of his motion to clarify sentence in his 2002 state case makes clear that his felony sentence was not reduced when his offense level was reduced to a misdemeanor. *Oseguera*, 267 P.3d at 303-04. Since all of the arguments in his opening brief were based on the allegation that his sentence had been reduced, his concession leaves us with no issue to review.

Mr. Oseguera urges us nonetheless to consider the new argument in his reply brief that the reduction in his *offense level* from a third degree felony to a class A misdemeanor should be given effect under immigration law under *Cota-Vargas*, even if his 2002 conviction is an aggravated felony under immigration law. *See* Pet. Reply Br. at 1, 5. This, he argues, may improve his chances of obtaining the Attorney General's consent to reenter the United States, even if he is removed as an aggravated felon. *Id.* at 4-5. But "issues and arguments raised for the first time in a reply brief" are generally deemed waived in this circuit, so we will not consider the new argument Mr. Oseguera raises for the first time on appeal in his reply brief. *Jimenez-Guzman*, 642 F.3d at 1297 n.1 (internal quotation marks omitted).

The government's motion to dismiss is denied. The petition for review is DENIED.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge