2012 UT 68

**STATE of Utah, Plaintiff and Appellee,**

v.

**Howard Price JOHNSON, Defendant and Appellant.**

No. 20090273.

Supreme Court of Utah.

Oct. 5, 2012.

Mark L. Shurtleff, Att'y Gen., Jeanne B. Inouye, Asst. Att'y Gen., Salt Lake City, for plaintiff.

Walter A. Romney, Jr., Aaron D. Lebenta, Salt Lake City, for defendant.

On Certification from the Utah
Court of Appeals

Justice DURHAM, opinion of the Court:

## INTRODUCTION

¶ 1 The defendant in this case challenges the district court's denial of his motion to reduce the degree of his convictions. The defendant entered into a plea agreement in 2005 in which the State promised to not oppose a motion to reduce his convictions. The defendant later filed a motion to reduce his convictions after successfully completing his probation, as required by statute. During his probation, however, the statute governing reduction of convictions was amended to bar reduction for crimes, like defendant's, that trigger the sex offender registration requirement. The district court applied the amended statute retroactively to deny defendant's motion. We reverse and remand for reconsideration of defendant's motion under the version of the statute in effect when he was initially sentenced.

## BACKGROUND

¶ 2 On March 4, 2005, Howard Price Johnson pled guilty to two crimes: unlawful sexual activity with a minor, a third–degree felony under Utah Code section 76–5–401; and enticing a minor, a class A misdemeanor under Utah Code section 76–4–401. The plea agreement contained several promises by the State, including that the State would "affirmatively recommend no prison" and would "not oppose a [Utah Code section 76–3–402] motion [to reduce the degree of convictions] on the felony and misdemeanor charges at the end of successful completion of probation." At the time, Utah Code section 76–3–402 (Section 402) provided district courts with discretion at the time of sentenc-

ing to "enter a judgment of conviction for the next lower degree of offense and impose sentence accordingly" if the court concluded that "it would be unduly harsh to record the conviction as being for that degree of offense established by statute." Utah Code § 76–3–402(1) (2005). And specifically as to third degree felonies, Section 402 provided in relevant part as follows:

> If a conviction is for a third degree felony the conviction is considered to be for a class A misdemeanor if:
>
> . . .
>
> (b)(i) the imposition of the sentence is stayed and the defendant is placed on probation, whether committed to jail as a condition of probation or not;
>
> (ii) the defendant is subsequently discharged without violating his probation; and
>
> (iii) the judge upon motion and notice to the prosecuting attorney, and a hearing if requested by either party or the court, finds it is in the interest of justice that the conviction be considered to be for a class A misdemeanor.

*Id.* § 76–3–402(2) (2005).

¶ 3 The court accepted the guilty pleas that same day. Johnson was sentenced to an indeterminate prison term not to exceed five years, but the district court suspended that prison term and put Johnson on probation for thirty-six months, to be supervised by Adult Probation & Parole (AP & P).[1] On June 20, 2007, AP & P submitted a report to the court indicating that Johnson had "successfully completed the conditions of his probation" and recommending that "Johnson's probation period be terminated successfully and the interest of AP & P be closed." The district court did not terminate Johnson's probation at this time, but granted the re-

---

**1.** Whereas Section 402(1) refers to the time of sentencing and Section 402(2) references staying "the imposition of the sentence," it appears that it has been common practice for district courts to use the suspension of an *execution* of a sentence as a substitute, as was done here. *See, e.g., State v. Oseguera,* 2011 UT App 417, ¶ 2, 267 P.3d 302 (per curiam); *State v. Holt,* 2010 UT App 138, ¶¶ 3–4, 233 P.3d 828. *But see State v. Shipler,* 869 P.2d 968, 969 & n. 3 (Utah Ct.App. 1994) (noting, but not reaching, the State's argu-

ment that defendant had no right to a reduction because "the imposition of her sentence was not stayed, only its execution"). Section 402 now recognizes this practice of tying the availability of reduction to the suspension of execution, rather than the imposition, of a sentence. *See* Utah Code § 76–3–402(2) ("If the court suspends the execution of the sentence and places the defendant on probation, ... the court may enter a judgment of conviction for the next lower degree of offense....").

quest to end AP & P's supervision and converted Johnson's probation to court supervision.

¶ 4 In March 2008, Johnson filed a motion to reduce his convictions under Section 402.[2] Specifically, Johnson sought to reduce his third–degree felony to a class A misdemeanor, and his class A misdemeanor to a class B misdemeanor. The motion stated that the reductions were authorized by Section 402. The motion further noted that Section 402 "was subsequently amended after the entry of the plea and acceptance by the" district court. Johnson therefore attached the "version of the statute in effect at the time of conviction and made a part thereof."

¶ 5 In response, the State filed a Notice of Amendment to Section 76–3–402 (Notice), in which it quoted the new version of Section 402 (Amended Section 402) in full and then stated that the new version "appears to preclude the [district court] from allowing the reduction requested by the defendant until the registration period for sex offenders ... has expired." In 2006, Section 402 had been amended to add the following qualification: "A person may not obtain a reduction under this section of a conviction that requires the person to register as a sex offender until the registration requirements ... have expired." UTAH CODE § 76–3–402(7)(a). Both of Johnson's convictions involved crimes requiring him to register as a sex offender. *See id.* § 77–41–105(3)(a) (requiring registration "for the duration of the sentence and for 10 years after termination of sentence or custody" for Johnson's convictions).[3] And significantly, a reduction in each conviction would remove the respective registration requirement for each conviction.

¶ 6 Johnson filed a reply memorandum in which he raised several issues. First, Johnson contended that the State "breached its agreement in opposing" his motion to reduce his conviction under Section 402. He observed that the State's Notice was particularly unnecessary in light of his original motion's reference to the statute having been

amended. Second, Johnson argued that Amended Section 402 should not apply retroactively. He noted that Utah Code section 68–3–3 prohibits the retroactive application of Amended Section 402 to his motion because the legislature did not expressly declare the amendments to be retroactive. He further argued that applying Amended Section 402 retroactively would violate the ex post facto clauses of the U.S. and Utah Constitutions because his rights were vested at the time the plea agreement was entered into.

¶ 7 In March 2009, the district court denied Johnson's motion to reduce his conviction under Section 402. The district court first held that the State did not breach the plea agreement by filing the Notice because it "did not oppose Johnson's motion or give an opinion on how the court should proceed." Second, the district court held that Johnson "must have successfully completed probation before [Amended Section 402 took effect] in order to have a vested right." As Johnson's rights had not vested as of the 2006 amendment, the court applied Amended Section 402 retroactively to bar the reduction in conviction. Finally, the court rejected Johnson's ex post facto challenge to retroactive application of Amended Section 402 because "the amendments to [Section 402] do not impact the sentence or punishment."

¶ 8 Johnson timely appealed the district court's ruling. · The court of appeals certified the case to us. We have jurisdiction under Utah Code section 78A–3–102(3)(b).

## STANDARD OF REVIEW

■ ¶ 9 "We review for correctness questions regarding the law applicable in a case, including the issue of whether a given law can or should be applied retroactively." *Goebel v. Salt Lake City S.R.R. Co.,* 2004 UT 80, ¶ 36, 104 P.3d 1185.

## ANALYSIS

■ ¶ 10 On appeal, Johnson makes several arguments as to why Amended Section 402

---

2. The motion also sought early termination of Johnson's probation. The State did not oppose this request, and in June 2008 the district court granted this part of Johnson's motion.

3. These same registration requirements applied to Johnson's crimes at the time he was initially sentenced.

cannot apply retroactively to his plea agreement. First, Johnson notes that Amended Section 402 was not expressly made retroactive, as required by Utah Code section 68–3–3. Second, Johnson argues that applying Amended Section 402 retroactively would violate the ex post facto clauses of the Utah and U.S. Constitutions. *See* UTAH CONST. art. I, § 18; U.S. CONST. art. I, § 9, cl. 3. Third, Johnson challenges the application of Amended Section 402 as an unconstitutional impairment of contract, in violation of the Utah and U.S. Constitutions. *See* UTAH CONST. art. I, § 18; U.S. CONST. art. I, § 10, cl. 1. Finally, and as an alternative of last resort, Johnson asks us to allow the "reduction of the degree of offenses *nunc pro tunc* to be effective prior to the effective date of" Amended Section 402. We agree with Johnson's first argument that Amended Section 402 cannot be applied retroactively. Thus, we do not reach Johnson's other arguments.

¶ 11 The starting point for our analysis is that "we apply the law as it exists at the time of the event regulated by the law in question." *State v. Clark,* 2011 UT 23, ¶ 13, 251 P.3d 829. Thus, we must determine which version of Section 402 applies to Johnson's motion to reduce his conviction. That inquiry turns on whether Section 402 goes to the *substance* or *procedure* of reductions in convictions.[4]

> On matters of *substance* the parties' primary rights and duties are dictated by the law in effect at the time of their underlying primary conduct (e.g., the conduct giving rise to a criminal charge or civil claim). When it comes to the parties' *procedural* rights and responsibilities, however, the relevant underlying conduct is different: the relevant occurrence for such purposes is the underlying procedural act (e.g., filing a motion or seeking an appeal). The law governing this procedural occurrence is thus the law in effect at the time of the procedural act, not the law in place at the

time of the occurrence giving rise to the parties' substantive claims.

*Id.* ¶ 14.

■■■■ ¶ 12 We have previously explained that a procedural statute "controls the mode and form of procedure for enforcing the underlying substantive rights and merely affects the judicial machinery available for determining substantive rights." *Beaver Cnty. v. Utah State Tax Comm'n,* 2010 UT 50, ¶ 10, 254 P.3d 158 (internal quotation marks omitted). By contrast, substantive statutes "enlarge, eliminate, or destroy vested or contractual rights." *ASC Utah, Inc. v. Wolf Mountain Resorts, L.C.,* 2010 UT 65, ¶ 19, 245 P.3d 184 (internal quotation marks omitted).

¶ 13 Applying this framework, we conclude that Section 402 is substantive with respect to Johnson's eligibility for reducing his convictions. Section 402 prescribes the class of defendants who are eligible to seek reductions in convictions. Changes in the class of eligible defendants would not "merely affect[ ] the judicial machinery available for determining substantive rights," *Beaver Cnty.,* 2010 UT 50, ¶ 10, 254 P.3d 158 (internal quotation marks omitted), but would instead affect the scope of the substantive right to seek a reduction in conviction. Section 402 governs the scope of a defendant's "vested or contractual rights" in the ultimate conviction and associated sentence, rather than the "mode and form of procedure" for filing a motion to reduce a conviction.

¶ 14 The 2006 amendment to Section 402 illustrates the substantive nature of the statute in this respect. Amended Section 402 reduces the class of defendants eligible for a reduction in conviction by excluding all convictions that "require[ ] the person to register as a sex offender." UTAH CODE § 76–3–402(7)(a). The amendment therefore does not "control[ ] the mode and form of *procedure* for enforcing the underlying substantive rights," *Beaver Cnty.,* 2010 UT 50, ¶ 10, 254

---

4. "The line between 'substance' and 'procedure' shifts as the legal context changes." *Hanna v. Plumer,* 380 U.S. 460, 471, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965). In determining the law applicable in a case, including the issue of whether a given law is to be applied retroactively, our inquiry is guided by the principle that "while it

would not be fair to individuals to alter their so-called 'vested substantive rights' by subsequent legislative enactment, it is not to be expected that the 'machinery for the enforcement' of those rights will remain unaltered." Walter Wheeler Cook, *"Substance" and "Procedure" in the Conflict of Laws,* 42 YALE L.J. 333, 343 (1933).

P.3d 158 (emphasis added) (internal quotation marks omitted), but instead eliminates the substantive rights of a class of defendants to seek a reduction in conviction.

¶ 15 Moreover, the substantive right to seek a reduction in conviction vests at the time of initial sentencing.[5] The court's decision to suspend the sentence and instead place a defendant on probation reflects the context existing at initial sentencing. That context reflects the terms by which the defendant can later file a motion to reduce his convictions under Section 402. And the plea agreement evidences the intent of all involved entities—the prosecution, defendant, and court—to resolve the case in contemplation of Section 402 as it exists at the time of initial sentencing. We therefore apply the version of Section 402 that existed at the time of Johnson's initial sentencing.[6]

¶ 16 The State argues, and the district court held, that Amended Section 402 should apply retroactively. We disagree. The legislature has declared that newly codified laws generally do not apply retroactively. UTAH CODE § 68-3-3. There are only two exceptions to this statutory bar. First, a statute that "is expressly declared to be retroactive" may apply retroactively. *Id.* This exception is "subject to constitutional proscriptions against ex post facto laws." *Clark,* 2011 UT 23, ¶ 11 n. 5, 251 P.3d 829. Second,

"when the purpose of an amendment is to clarify the meaning of an earlier enactment, the amendment may be applied retroactively in pending actions" in "those narrow circumstances in which the state legislature disagrees with this court's interpretation of a law and attempts to clarify that law's meaning through the amendment process." *Id.* ¶ 11 & n. 6 (internal quotation marks omitted).

¶ 17 Under this framework, Amended Section 402 cannot apply retroactively to Johnson's motion to reduce his convictions. Amended Section 402 includes no express declaration of retroactivity. And the amendment "was not passed to correct an interpretation of the statute then in effect by any decision of this court." *Id.* ¶ 15. Thus, in light of the "statutory bar against the retroactive application of newly codified laws," *id.* ¶ 11, Amended Section 402 does not apply to Johnson's motion to reduce his convictions.

¶ 18 The district court therefore erred in applying Amended Section 402 to Johnson's motion to reduce his convictions. We reverse and remand for consideration of Johnson's motion under Section 402 as it existed when he was initially sentenced.[7]

## CONCLUSION

¶ 19 Section 402, the statute governing reduction of convictions, is a substantive stat-

---

5. In considering the motion for a reduction in conviction, the district court of course retains discretion to determine whether to grant the motion. *See* UTAH CODE § 76-3-402(1)-(2).

6. In reaching this conclusion, we disagree with and hereby overrule *State v. Shipler,* 869 P.2d 968 (Utah Ct.App.1994). We also overrule *State v. Holt,* 2010 UT App 138, ¶¶ 13-19, 233 P.3d 828, to the extent that it relies on *Shipler.* "We are not bound by ... Utah Court of Appeals cases that have addressed this issue." *J.M.W. v. T.I.Z. (In re Adoption of Baby E.Z.),* 2011 UT 38, ¶ 28 n. 5, 266 P.3d 702.

7. We need not address whether the State's Notice in this case constituted outright opposition to Johnson's Section 402 motion such that it breached the plea agreement.

We do, however, take this opportunity to emphasize generally the State's duties in fulfilling plea agreement promises. First, the U.S. Supreme Court has made clear that "when a plea rests in any significant degree on a promise or

agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York,* 404 U.S. 257, 262, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). Second, we note that "[g]eneral principles of contract law define the government's obligations under the agreement, looking to the express language and construing any ambiguities against the government as the drafter of the agreement." *United States v. Burke,* 633 F.3d 984, 994 (10th Cir.2011) (internal quotation marks omitted). The State therefore shares the general contractual duty to "refrain from actions that will intentionally destroy or injure the other party's right to receive the fruits of the contract." *Young Living Essential Oils, LC v. Marin,* 2011 UT 64, ¶ 9, 266 P.3d 814 (internal quotation marks omitted). This is part of the implied covenant of good faith and fair dealing, which has the "function of inferring as a term of every contract a duty to perform in the good faith manner that the parties surely would have agreed to if they had foreseen and addressed the circumstance giving rise to their dispute." *Id.* ¶ 8.

ute, and motions to reduce a conviction are governed by the version of Section 402 in effect at the time of initial sentencing. Later amendments to Section 402 do not satisfy either of the requirements for retroactive application. We therefore reverse the district court's denial of defendant's motion to reduce his convictions and remand for application of the version of Section 402 in effect at the time he was initially sentenced.

Justice DURHAM authored the opinion of the Court, in which Chief Justice DURRANT, Associate Chief Justice NEHRING, Justice PARRISH, and Justice LEE joined.