2014 UT App 97

**STATE of Utah, Plaintiff and Appellee,**

v.

**Kurt HOLBROOK Jr., Defendant and Appellant.**

**No. 20090669–CA.**

Court of Appeals of Utah.

May 1, 2014.

Leslie W. Slaugh and Richard A. Roberts, for Appellant.

Sean D. Reyes and Jeanne B. Inouye, for Appellee.

Judge MICHELE M. CHRISTIANSEN authored this Memorandum Decision, in which Senior Judges RUSSELL W. BENCH and PAMELA T. GREENWOOD concurred.[1]

---

1. The Honorable Russell W. Bench and the Honorable Pamela T. Greenwood, Senior Judges, sat by special assignment as authorized by law. *See generally* Utah Code Jud. Admin. R. 11–201(6).

Memorandum Decision

CHRISTIANSEN, Judge:

¶ 1 Defendant Kurt Holbrook Jr. appeals the district court's denial of his motion to reduce the degree of his convictions. We affirm.

¶ 2 On March 8, 2006, Defendant pled guilty to two counts of unlawful sexual activity with a minor, both third degree felonies. *See* Utah Code Ann. § 76–5–401 (LexisNexis 2003). Defendant's plea was made pursuant to a written plea agreement between Defendant and the State. As part of that agreement, the State agreed to recommend, upon Defendant's satisfactory completion of probation, reduction of his felony convictions to class A misdemeanors for sexual battery. On March 29, 2006, Defendant filed a motion to reduce the degree of his convictions pursuant to Utah Code section 76–3–402. On July 12, 2006, the district court sentenced Defendant to serve 360 days in jail and placed Defendant on supervised probation for thirty-six months. At the conclusion of the sentencing hearing and after discussing the conditions of Defendant's probation, the district court addressed Defendant's 402 motion. The court expressed its intent to grant the 402 motion at the end of Defendant's probation term based on the State's recommendation so long as Defendant complied with the terms and conditions of his probation.

¶ 3 After successfully completing his probation in January 2009, Defendant filed a notice of completion of his probation and a notice to submit his 402 motion. The State responded by acknowledging that the plea agreement "was entered into in good faith by both sides" and that the State still stood by its agreement. Accordingly, the State recommended the reduction in Defendant's convictions. The State also informed the district court that the Utah Legislature had amended section 76–3–402 to prohibit a reduction in a conviction during the time a defendant is required to register as a sex offender, i.e., until ten years after the termination of sentence. The court denied Defendant's 402 motion on June 29, 2009, and Defendant timely appeals.

¶ 4 The central issue raised on appeal is whether the district court erred by denying Defendant's 402 motion. The primary basis of the court's decision was its determination that Utah Code section 76–3–402 precluded the court's consideration of Defendant's 402 motion until Defendant was no longer required to register as a sex offender. We review for correctness a district court's determination as to the applicable law in a given case. *State v. Johnson,* 2012 UT 68, ¶ 9, 290 P.3d 21.

¶ 5 Our supreme court has held that the "right to seek a reduction in conviction" is a substantive right that "vests at the time of initial sentencing." *Id.* ¶ 15. Thus, "motions to reduce a conviction are governed by the version of [Utah Code section 76–3–402] in effect at the time of initial sentencing." *Id.* ¶ 19. Therefore, resolution of this case turns on the law in effect at the time of Defendant's sentencing on July 12, 2006. When Defendant committed his crimes in 2005 and when he pled guilty in March 2006, section 76–3–402 did not prohibit a reduction in the degree of a conviction for registered sex offenders. *See* Utah Code Ann. § 76–3–402 (LexisNexis 2003). However, by the time Defendant was sentenced, the legislature had amended section 76–3–402 to include the limitation that "a person required to register as a sex offender under Section 77–27–21.5 is not eligible to obtain a reduction of the conviction that requires the person to register as a sex offender . . . until the registration requirements under Section 77–27–21.5 have expired." *Id.* § 76–3–402(6)(a) & amend. notes (Supp.2006) (effective July 1, 2006). At all relevant times, Defendant's convictions for felony unlawful sexual activity with a minor under Utah Code section 76–5–401 were explicitly included within section 77–27–21.5's list of qualifying crimes for classification of a defendant as a sex offender. *Id.* § 77–27–21.5(1)(e)(i)(c) (2003); *id.* § 77–27–21.5(1)(f)(i)(c) (Supp.2006) (recodified at *id.* §§ 77–41–102, –105 (LexisNexis 2012)). And section 77–27–21.5 required sex offenders to register annually "for the duration of the sentence and for ten years after termination of sentence." *Id.* § 77–27–21.5(9)(a) (2003); *id.* § 77–27–21.5(10)(a) (Supp.2006). Thus, at the time Defendant was sentenced in July 2006, the law specifically prohibited a reduction in the degree of his convictions until ten years after Defendant had complet-

ed his incarceration and probation. Accordingly, when the district court considered Defendant's motion to reduce his convictions in 2009, Defendant was not eligible for a reduction because the registration requirements under section 77–27–21.5 had not yet expired.

¶ 6 In its decision, the district court incorrectly stated that "at the time of . . . Defendant's plea in 2006, [section 77–27–21.5] did not require sex offender registration for a violation of Section 76–5–401." As discussed above, section 77–27–21.5 did require sex offender registration for violations of section 76–5–401, including the felony charges for which Defendant was convicted, and this requirement was in place when Defendant committed the offense, when he pled guilty, and when he was sentenced. *Id.* § 77–27–21.5(1)(e)(i)(c) (LexisNexis 2003); *id.* § 77–27–21.5(1)(f)(i)(c) (Supp.2006). After observing, mistakenly, that the legislature subsequently amended section 77–27–21.5 to include offenses under section 76–5–401, the district court engaged in a retroactivity analysis to determine whether section 76–3–402's limitation on reducing a conviction should be applied to Defendant. After concluding that the amendment to section 77–27–21.5 was a procedural statute, the district court retroactively applied section 76–3–402's limitation. *See State v. Clark,* 2011 UT 23, ¶ 12, 251 P.3d 829. But this analysis was unnecessary because the governing statutory framework setting forth the limitation on Defendant's 402 motion was already in place at the time Defendant was sentenced. *See Johnson,* 2012 UT 68, ¶ 19, 290 P.3d 21. Therefore, even though the district court's underlying reasoning was faulty,[2] the court was ultimately correct in its application of section 76–3–402's limitation and in its denial of Defendant's 402 motion.

¶ 7 Affirmed.[3]

**2.** We recognize that at the time the district court issued its ruling in 2009, it did not have the benefit of our supreme court's guidance in *State v. Johnson,* 2012 UT 68, 290 P.3d 21.

**3.** Defendant challenges the district court's denial of his section 402 motion on numerous other

grounds. However, because our holding affirming the district court's application of section 76–3–402 is dispositive, we need not address these arguments. *See State v. Mora,* 2003 UT App 117, ¶ 21 n. 3, 69 P.3d 838.