2017 UT App 51

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
DAVID ISAAC RICKETTS,
Appellant.

Opinion
No. 20150438-CA
Filed March 23, 2017

Eighth District Court, Duchesne Department
The Honorable Samuel P. Chiara
No. 001800104

David C. Cundick, Attorney for Appellant

Sean D. Reyes and Kris C. Leonard, Attorneys
for Appellee

JUDGE KATE A. TOOMEY authored this Opinion, in which JUDGES
MICHELE M. CHRISTIANSEN and DAVID N. MORTENSEN concurred.

TOOMEY, Judge:

¶1 David Isaac Ricketts appeals the decision of the district court denying his motion to lower the degree of offense for his previous conviction. We affirm.

¶2 In 2001, Ricketts pleaded guilty to the operation of a clandestine laboratory, a first degree felony. He was sentenced in 2002 to an indeterminate prison term of five years to life, and he was released from prison in 2005.

¶3 In 2014, Ricketts filed a motion to lower the degree of offense for that conviction. He argued that section 76-3-402 of the Utah Code allows a court, in certain circumstances, to reduce the level of offense for a conviction by one degree. He further argued that the version of the code in effect at the time of his

sentencing allowed a court, even after sentencing, to enter a judgment of conviction for the next lower degree of offense. The State agreed that the appropriate version of the code to consider was the version in effect at the time of sentencing in 2002. But the State argued that the applicable statute still did not allow the district court to enter Ricketts's conviction at a lower degree because its plain language allowed a reduction only before sentencing, not after.

¶4 The district court agreed with the State and determined the first subsection of section 402 "provide[d] the sentencing court with authority to reduce the level of the conviction and then sentence the defendant accordingly" but did not provide the "authority to reduce the level of conviction at a later date." *See* Utah Code Ann. § 76-3-402(1) (Lexis 1999). The court also determined that "the sections subsequent to section (1) provide[d] for reduction of the [level of offense] after sentencing has taken place" but "require[d] the stay of a prison sentence in order for a defendant to qualify for a reduction in [the level of offense]." *See id.* § 76-3-402(2). Because Ricketts's sentence was not stayed, the court concluded he did not qualify for a reduction under section 402 and denied his motion.

¶5 Ricketts appeals, contending the district court erred in determining it lacked the authority to reduce the level of his offense. "We review a trial court's denial of a motion to reduce the degree of a conviction for abuse of discretion." *State v. Salt*, 2015 UT App 72, ¶ 9, 347 P.3d 414. But we "review the district court's interpretation of a statute for correctness." *State v. Kropf*, 2015 UT App 223, ¶ 7, 360 P.3d 1.

¶6 When interpreting statutes, we first look to the plain language. *State v. Barrett*, 2005 UT 88, ¶ 29, 127 P.3d 682. Section 402(1) stated:

> If the court, having regard to the nature and circumstances of the offense of which the defendant was found guilty and to the history and

character of the defendant, concludes it would be unduly harsh to record the conviction as being for that degree of offense established by statute and to sentence the defendant to an alternative normally applicable to that offense, the court may unless otherwise specifically provided by law enter a judgment of conviction for the next lower degree of offense and impose sentence accordingly.

Utah Code Ann. § 76-3-402(1).

¶7 We agree with the district court that Ricketts was not eligible for a reduction under this subsection. Section 402(1) provided courts with authority to reduce a level of offense at the time of sentencing and did not give courts authority to reduce a level of offense at a later date. The 2002 statute stated that a court may "*enter a judgment of conviction* for the next lower degree of offense and *impose sentence accordingly*" if it "concludes it would be unduly harsh *to record the conviction* as being for that degree of offense established by statute." *Id.* (emphases added). This language contemplated that a court has authority to enter a judgment of conviction at a lower degree before a sentence is imposed—at the time the judgment is entered and the conviction is recorded. The statute did not authorize a court to reduce the degree of offense at any other time. Additionally, in interpreting this version of section 76-3-402, our supreme court has stated, "If a sentencing judge is convinced that the penalty applicable to the charged offense is unduly harsh under the circumstances, the judge can reduce the degree of the offense *when recording the conviction*." *Barrett*, 2005 UT 88, ¶ 31 (emphasis added). And once a court imposes a valid sentence and enters final judgment, it loses jurisdiction over the case. *State v. Rodrigues*, 2009 UT 62, ¶ 13, 218 P.3d 610 (citing *State v. Montoya*, 825 P.2d 676, 679 (Utah Ct. App. 1991)). We therefore see no error in the district court's interpretation and application of section 402(1).

¶8 Ricketts also asks us to consider *State v. Oseguera*, 2011 UT App 417, 267 P.3d 302 (per curiam), where a defendant had

successfully obtained a reduction in the level of his offense and sought a retroactive reduction of his original sentence. *Id.* ¶ 1. Ricketts asserts that *Oseguera* demonstrates that "the time for bringing the motion [is] irrelevant." But reviewing *Oseguera* reinforces our determination that the district court's decision was correct.

¶9    The defendant in *Oseguera* pleaded guilty to a third degree felony in 2002. *Id.* ¶ 2. His sentence was stayed and he was placed on probation. *Id.* Seven years after successfully completing probation, the defendant petitioned the court to enter a judgment of conviction for a class A misdemeanor under section 76-3-402(2), and the court accordingly entered his conviction as a misdemeanor. *Id.* The district court did not, however, reduce the defendant's original sentence, and he appealed. *Id.* ¶¶ 1–3. This court determined that section 402(2) gave a district court authority to enter the conviction as a class A misdemeanor only "after the defendant has been successfully discharged from probation." *Id.* ¶¶ 3–4 (citing Utah Code Ann. § 76-3-402(2) (LexisNexis 2008)). To lower the degree of conviction, the statute also required a court to have stayed a defendant's sentence and placed the defendant on probation. Utah Code Ann. § 76-3-402(2).[1] But this court determined that section 402(2) did not give a court authority to reduce a sentence that had already been entered. *Oseguera*, 2011 UT App 417, ¶ 5.

---

1. This court in *State v. Oseguera*, 2011 UT App 417, 267 P.3d 302 (per curiam), applied the 2008 version of the statute. While the language in this version differs from the 2002 version, the relevant requirements were the same. To enter a conviction at the next lower degree of offense, both versions of the statute required a court to stay a defendant's sentence and place him on probation, and both required the defendant to be discharged from probation. *Compare* Utah Code Ann. § 76-3-402(2)(b) (Lexis 1999), *with id.* § 76-3-402(2) (LexisNexis 2008).

¶10   Likewise, the district court in this case determined that subsection (2) of section 402 did not apply, because it only allowed for a reduction had the prison sentence been stayed. The 2002 statute, applicable here, stated "[a] conviction . . . for a third degree felony . . . is considered to be for a class A misdemeanor" if, among other things, "the imposition of the sentence is stayed and the defendant is placed on probation," and the defendant is discharged without violating his probation. Utah Code Ann. § 76-3-402(2) (Lexis 1999).[2] We agree with the district court that Ricketts did not qualify for a section 402 reduction in this case. The statute provided for third degree felonies to be reduced by one degree only under certain conditions—if the sentence is stayed and the defendant is placed on probation and later discharged without violating probation. *Id.* Ricketts was convicted of a first degree felony, not a third degree felony, and served his prison sentence. His prison sentence was not stayed and he was not placed on probation.

¶11   In sum, the district court was correct in its determination that Ricketts did not qualify for a section 402 reduction. Subsection (1) did not give a court authority to enter a judgment of conviction at a lower degree of offense after a sentence had already been entered. And Ricketts did not meet the requirements of subsection (2). We therefore affirm the district court's decision.

—————

2. While this version of the statute was the one in effect at the time of Ricketts's sentencing, the legislature has since amended this language. *See* Utah Code Ann. § 76-3-402 (LexisNexis 2012).