*This opinion is subject to revision before final
publication in the Pacific Reporter*

**2013 UT 64**

IN THE

# SUPREME COURT OF THE STATE OF UTAH

MELISSA WADDOUPS and COREY WADDOUPS,
*Plaintiffs and Appellees,*

*v.*

BARRY A. NOORDA, M.D;
INTERMOUNTAIN HEALTH CARE INC.,
dba LOGAN REGIONAL HOSPITAL;
CACHE VALLEY WOMEN'S CENTER; and DOES 1–X,
*Defendant and Appellant.*

No. 20120310
Filed November 1, 2013

On Certification from the United States District Court
for the District of Utah

Attorneys:

G. Eric Nielson, Ryan M. Springer, Michael D. Karras,
Salt Lake City, for appellees

Julia M. Houser, Salt Lake City, for appellant

ASSOCIATE CHIEF JUSTICE NEHRING authored the opinion of the
Court, in which CHIEF JUSTICE DURRANT, JUSTICE PARRISH,
JUSTICE LEE, and JUDGE CHRISTIANSEN joined.

Having recused herself, JUSTICE DURHAM
does not participate herein; Court of Appeals
JUDGE MICHELE M. CHRISTIANSEN sat.

ASSOCIATE CHIEF JUSTICE NEHRING, opinion of the Court:

## INTRODUCTION

¶ 1   The Federal District Court for the District of Utah has
certified the following question to this court:

> Does section 78B-3-425 of the Utah Code clarify
> existing law and therefore retroactively apply
> to bar negligent credentialing claims that arose
> prior to its enactment?

Utah Code section 78B-3-425 reads:

> **Prohibition on cause of action for negligent credentialing.** It is the policy of this state that the question of negligent credentialing, as applied to health care providers in malpractice suits, is not recognized as a cause of action.

We hold that Utah Code section 78B-3-425, because it is a substantive amendment and contains no expression of retroactivity, does not apply retroactively (to its effective date), and therefore does not bar Plaintiffs' claim which arose prior to its enactment.

## BACKGROUND

¶ 2   On May 24, 2010, Melissa Waddoups underwent several gynecological procedures performed by Dr. Barry Noorda at Logan Regional Hospital, an Intermountain Health Care (IHC) facility. Mr. and Mrs. Waddoups allege Dr. Noorda negligently performed those procedures and they suffered harm as a result. The sole claim relevant to this appeal is the Waddoups' fifth cause of action against IHC alleging negligent credentialing. Mr. and Mrs. Waddoups maintain that IHC failed to exercise reasonable care in granting privileges to Dr. Noorda and failed to properly credential Dr. Noorda, and as a result, he performed surgical procedures on Mrs. Waddoups that he was not qualified to perform. The Waddoups seek the same damages for negligent credentialing as they do for their claims for health care malpractice and negligence.

¶ 3   On May 14, 2010, this court issued its opinion in *Archuleta v. St. Mark's Hospital*.[1] In that case, we were asked to decide whether Utah Code sections 58-13-5(7),[2] 58-13-4(2),[3] and 26-25-1[4]

---

[1] 2010 UT 36, 238 P.3d 1044.

[2] The title of section 58-13-5 is "Information relating to adequacy and quality of medical care -- Immunity from liability." Subsection (7) reads:

> An individual who is a member of a hospital administration, board, committee, department, medical staff, or professional organization of health care providers, and any hospital, other health care entity, or professional organization conducting or

(con't.)

sponsoring the review, is immune from liability arising from participation in a review of a health care provider's professional ethics, medical competence, moral turpitude, or substance abuse.

[3] The title of section 58-13-4 is "Liability immunity for health care providers on committees -- Evaluating and approving medical care." Subsection (2) reads:

(2) Health care providers serving in the following capacities and the organizations or entities sponsoring these activities are immune from liability with respect to deliberations, decisions, or determinations made or information furnished in good faith and without malice:

(a) serving on committees:

(i) established to determine if hospitals and long-term care facilities are being used properly;

(ii) established to evaluate and improve the quality of health care or determine whether provided health care was necessary, appropriate, properly performed, or provided at a reasonable cost;

(iii) functioning under Pub. L. No. 89-97 or as professional standards review organizations under Pub. L. No. 92-603;

(iv) that are ethical standards review committees; or

(v) that are similar to committees listed in this Subsection (2) and that are established by any hospital, professional association, the Utah Medical Association, or one of its component medical societies to evaluate or review the diagnosis or treatment of, or the performance of health or hospital services to, patients within this state;

(b) members of licensing boards established under Title 58, Occupations and Professions, to license and regulate health care providers; and

(c) health care providers or other persons furnishing information to those committees, as

(con't.)

required by law, voluntarily, or upon official request.

[4] Section 26-25-1 is titled "Authority to provide data on treatment and condition of persons to designated agencies -- Immunity from liability," and reads:

(1) Any person, health facility, or other organization may, without incurring liability, provide the following information to the persons and entities described in Subsection (2):

(a) information as determined by the state registrar of vital records appointed under Title 26, Chapter 2, Utah Vital Statistics Act;

(b) interviews;

(c) reports;

(d) statements;

(e) memoranda;

(f) familial information; and

(g) other data relating to the condition and treatment of any person.

(2) The information described in Subsection (1) may be provided to:

(a) the department and local health departments;

(b) the Division of Substance Abuse and Mental Health within the Department of Human Services;

(c) scientific and health care research organizations affiliated with institutions of higher education;

(d) the Utah Medical Association or any of its allied medical societies;

(e) peer review committees;

(f) professional review organizations;

(g) professional societies and associations; and

(h) any health facility's in-house staff committee for the uses described in Subsection (3).

(3) The information described in Subsection (1) may be provided for the following purposes:

(a) study and advancing medical research, with the purpose of reducing the incidence of disease, morbidity, or mortality; or

(con't.)

granted hospitals immunity from negligent credentialing claims. A majority of this court concluded that "the legislature did not intend to immunize negligent credentialing claims brought by patients" in its enactment of any of these three statutes, and "therefore formally recognize[d] negligent credentialing as a valid common-law cause of action."[5] We held negligent credentialing to be "simply the application of broad common law principles of negligence," and a "natural extension of torts such as negligent hiring."[6]

¶ 4  The following year, the Utah Legislature passed Senate Bill 150, subsequently codified on May 10, 2011 as section 78B-3-425, which reads:

----

(b)  the evaluation and improvement of hospital and health care rendered by hospitals, health facilities, or health care providers.

(4)  Any person may, without incurring liability, provide information, interviews, reports, statements, memoranda, or other information relating to the ethical conduct of any health care provider to peer review committees, professional societies and associations, or any in-hospital staff committee to be used for purposes of intraprofessional society or association discipline.

(5)  No liability may arise against any person or organization as a result of:

(a)  providing information or material authorized in this section;

(b)  releasing or publishing findings and conclusions of groups referred to in this section to advance health research and health education; or

(c)  releasing or publishing a summary of these studies in accordance with this chapter.

(6)  As used in this chapter:

(a)  "health care provider" has the meaning set forth in Section 78B-3-403; and

(b)  "health care facility" has the meaning set forth in Section 26-21-2.

[5] *Archuleta*, 2010 UT 36, ¶¶ 15–16.

[6] *Id.* ¶ 15 (internal quotation marks omitted).

> **Prohibition on cause of action for negligent credentialing**. It is the policy of this state that the question of negligent credentialing, as applied to health care providers in malpractice suits, is not recognized as a cause of action.

This case concerns the effect of section 78B-3-425 on the Waddoups' claims, specifically, whether section 78B-3-425 retroactively bars Plaintiffs' negligent credentialing claim which accrued before the enactment of the statute.

## STANDARD OF REVIEW

¶ 5    "A certified question from the federal district court does not present us with a decision to affirm or reverse a lower court's decision; as such, traditional standards of review do not apply. On certification, we answer the legal questions presented without resolving the underlying dispute."[7]

## ANALYSIS

¶ 6    It is well established that "[t]he courts of this state operate under a statutory bar against the retroactive application of newly codified laws," and therefore "parties' substantive rights and liabilities are determined by the law in place at the time when a cause of action arises."[8]    The statute barring retroactive application of new laws contains a single exception, "[a] provision of the Utah Code is not retroactive, unless the provision is expressly declared to be retroactive."[9]    "Thus, absent clear legislative intent to the contrary, we generally presume that a statute applies only prospectively."[10]    "The intent to have a statute operate retroactively may be indicated by explicit [statutory] statements" to that effect, "or by clear and unavoidable implication that the statute operates on events already past."[11]

---

[7] *U.S. Fid. & Guar. Co. v. U.S. Sports Specialty Ass'n*, 2012 UT 3, ¶ 9, 270 P.3d 464 (internal quotation marks omitted).

[8] *State v. Clark*, 2011 UT 23, ¶¶ 11–12, 251 P.3d 829 (internal quotation marks omitted).

[9] UTAH CODE § 68-3-3.

[10] *Warne v. Warne*, 2012 UT 13, ¶ 25, 275 P.3d 238.

[11] *Evans & Sutherland Computer Corp. v. Utah State Tax Comm'n*, 953 P.2d 435, 437 (Utah 1997).

Like all matters of statutory interpretation, we evaluate retroactivity by first examining the text of the statute, because "[i]t is axiomatic that the best evidence of legislative intent is the plain language of the statute itself."[12] "Only when we find ambiguity in the statute's plain language need we seek guidance from the legislative history and relevant policy considerations."[13]

¶ 7 The statutory language in this case is a single sentence: "It is the policy of this state that the question of negligent credentialing, as applied to health care providers in malpractice suits, is not recognized as a cause of action."[14] This phrase contains no words indicative of retroactive application,[15] nor does any language appear that evinces a "clear and unavoidable implication that the statute operates on events already past."[16] Both of the verbs which appear in the sentence are in present tense: "is" and "is not recognized."[17] It simply cannot be said that the use of the present tense communicates a clear and unavoidable implication that the statute operates on events already past. If anything, use of the present tense implies an intent that the statute apply to the present, as of its effective date, and continuing forward. There is nothing ambiguous about the statute that would necessitate further analysis beyond the plain language. However, that does not end our analysis.

¶ 8 In addition to the single statutory exception, we have long recognized a distinction between substantive and procedural

---

[12] *Anderson v. Bell*, 2010 UT 47, ¶ 9, 234 P.3d 1147 (internal quotation marks omitted).

[13] *World Peace Movement of Am. v. Newspaper Agency Corp.,* 879 P.2d 253, 259 (Utah 1994).

[14] UTAH CODE § 78B-3-425.

[15] *See, e.g.,* UTAH CODE § 19-6-302.5(3)(a) ("this act applies retroactively"); *Id.* § 48-3-206 ("is effective retroactively") (repealed 2013); *Id.* § 77-40-113 ("provisions of this chapter apply retroactively").

[16] *See, e.g.,* UTAH CODE § 75-7-1103(1) ("[T]his chapter applies to: all trusts created before, on, or after July 1, 2004 . . . [and] judicial proceedings concerning trusts commenced before July 1, 2004.").

[17] UTAH CODE § 78B-3-425.

laws as it relates to retroactive application of newly enacted statutes.[18] Laws that "enlarge, eliminate, or destroy vested or contractual rights" are substantive and are barred from retroactive application absent express legislative intent.[19] However, laws which "merely pertain[] to and prescribe[] the practice and procedure or the legal machinery by which the substantive law is determined or made effective" are procedural and "may be given retrospective effect."[20] In purporting to eliminate the cause of action of negligent credentialing, section 78B-3-425 cannot be said to be merely procedural, but rather is clearly substantive in nature. IHC concedes this point.

¶ 9 IHC argues that section 78B-3-425 is merely a clarifying amendment and thus subject to the judicially-created exception that "when the purpose of an amendment is to clarify the meaning of an earlier enactment, the amendment may be applied retroactively in pending actions."[21] However, since the time oral argument was heard in this case, this court has decided *Gressman v. State*,[22] which repudiated such exception. In *Gressman*, we noted that although

> our case law has occasionally referred to "amendments clarifying statutes" as an "exception" to the retroactivity ban, we have never applied them as such. Instead, our retroactivity case law has invoked this "exception" only in connection with statutory amendments that we have characterized as procedural. And when our cases discuss the

---

[18] *Boucofski v. Jacobsen*, 104 P. 117, 119 (Utah 1909) ("While it is true that a party's rights in a judgment, as a general rule, may not be affected by legislative acts passed . . . the rule does not apply to laws . . . which only affect matters of procedure or practice."), *overruled on other grounds by State v. Hansen*, 734 P.2d 421 (Utah 1986).

[19] *Brown & Root Indus. Serv. v. Indus. Comm'n of Utah*, 947 P.2d 671, 675 (Utah 1997) (internal quotation marks omitted).

[20] *Id.* (internal quotation marks omitted).

[21] *Dep't of Soc. Servs. v. Higgs*, 656 P.2d 998, 1001 (Utah 1982).

[22] 2013 UT 63, __ P.3d __.

"clarifying amendment exception," it is always in tandem with or as a counterpart to our analysis of the above-noted distinction between substance and procedure. . . . The governing statute . . . makes no express room for an exception for *clarifying amendments* per se. The sole exception spelled out explicitly by statute requires an express provision for retroactivity.[23]

¶ 10   Having repudiated the sole exception IHC relies on in this case, our work is done. The statute is not retroactive.

¶ 11   We note that our repudiation of the clarifying amendment exception does not deny the legislature the opportunity to clarify statutes and have such clarifications act retroactively. Rather, it requires the legislature to convey such intent expressly in the language of the statute if it desires such effect.

¶ 12   Having found that the statute does not apply retroactively, we need not address any of the constitutional issues raised.

### CONCLUSION

¶ 13   In sum, we answer the certified question in the negative; section 78B-3-245 of the Utah Code does not apply retroactively to bar negligent credentialing claims that arose prior to its enactment.

––––––––––

[23] *Id.* ¶ 16 (citations omitted) (footnotes omitted).