*This opinion is subject to revision before final publication in the Pacific Reporter.*

**2015 UT 16**

IN THE

# SUPREME COURT OF THE STATE OF UTAH

---

STATE OF UTAH,
*Appellee,*

*v.*

BRUNO RODRIGUEZ-RAMIREZ,
*Appellant.*

---

No. 20120857
Filed January 27, 2015

---

Third District, Salt Lake
The Honorable William B. Barrett
No. 121904978

---

Attorneys:

Simarjit S. Gill, D. Adam Miller, Salt Lake City, for appellees

Sarah E. Spencer, Salt Lake City, for appellant

---

JUSTICE LEE authored the opinion of the Court, in which
CHIEF JUSTICE DURRANT, ASSOCIATE CHIEF JUSTICE NEHRING,
JUSTICE DURHAM, AND JUSTICE PARRISH joined.

---

JUSTICE LEE, opinion of the Court:

¶1 This is an interlocutory appeal in a pending criminal case against Bruno Rodriguez-Ramirez. In this case and in several others related to it, we consider the applicability of legislative amendments to the Indigent Defense Act (IDA), Utah Code sections 77-32-101 through -704. The amended provisions override this court's construction of the prior version of the statute in *State v. Parduhn*, 2011 UT 55, ¶¶ 23–30, 283 P.3d 488, by foreclosing an indigent defendant in a criminal action from retaining private

counsel while requesting public defense resources from the government. *See* UTAH CODE § 77-32-303(2). They do so by generally conditioning an indigent defendant's eligibility for such resources on the retention of publicly funded counsel. *Id.*

¶2    The question in this and related cases[1] is the applicability of these amendments to cases filed or pending around the time the statute became effective (May 8, 2012). In the criminal case against Rodriguez-Ramirez, the district court denied his request for government-funded defense resources on the ground that the 2012 amendments were "procedural" and accordingly deemed to apply to this case. We affirm, but on a somewhat different ground. First, we identify the conduct being regulated by the IDA—the exercise of a mature right to indigent defense resources. And second, because the law in effect at the time that Rodriguez-Ramirez exercised that right was the amended version of the IDA, we affirm the district court's decision applying the 2012 amendment.

I

¶3    Rodriguez-Ramirez stands charged with two counts of sodomy on a child and one count of aggravated sexual abuse of a child. The criminal information in this case was filed on May 25, 2012. Rodriguez-Ramirez retained private counsel, who entered his appearance on May 31, 2012. The case was bound over for trial on a preliminary hearing. Then, on September 7, 2012, Rodriguez-Ramirez filed a motion for funding for necessary defense resources, asserting that he was indigent and required funding for an investigator and an expert witness.

¶4    In support of his motion, Rodriguez-Ramirez asserted that the version of the IDA in effect at the time of his alleged offenses controlled the disposition of his motion for funding. And because that version of the law had been construed by this court to "expressly contemplate[] the provision of defense resources to indigent defendants separate and apart from the provision of counsel," *State v. Parduhn*, 2011 UT 55, ¶ 26, 283 P.3d 488, he

---

[1] *See State v. Earl*, 2015 UT 12, __ P.3d __; *State v. Perez*, 2015 UT 13, __ P.3d __; *State v. Folsom*, 2015 UT 14, __ P.3d __; *State v. Stein-ly*, 2015 UT 15, __ P.3d __.

claimed a vested right to the application of that law to the disposition of his motion.

¶5 Salt Lake County intervened and opposed the motion. The County agreed that Rodriguez-Ramirez was indigent, but asserted that the 2012 amendments to the IDA applied to this case and foreclosed the request for resources unless Rodriguez-Ramirez agreed to be represented by a public defender.

¶6 The district court denied Rodriguez-Ramirez's motion. It did so on the basis of its conclusion that the IDA regulated a matter of "procedure" and accordingly controlled the disposition of the motion. Because Rodriguez-Ramirez had stipulated that he could not clear the high bar for qualifying for funding for defense resources while being represented by private counsel, *see* UTAH CODE § 77-32-303(1)(b), the district court denied the motion and refused to award any funding for an investigator or an expert witness.

¶7 Rodriguez-Ramirez filed a petition for interlocutory appeal, which we granted. We review the district court's decision de novo, according no deference to its legal determination of which version of the IDA applies to Rodriguez-Ramirez's motion. *See Vorher v. Henriod*, 2013 UT 10, ¶ 6, 297 P.3d 614 (stating that the applicability of a statute is a matter of statutory interpretation, and thus a question of law, which we review de novo).

## II

¶8 Rodriguez-Ramirez challenges the district court's application of the 2012 amendments to the resolution of his motion. His arguments are twofold. First, he contends that the IDA is "substantive" law, and thus that his rights thereunder vested as of the time of his alleged conduct giving rise to the criminal charges against him. Second, and alternatively, he asserts that his right to funding vested as of the date he retained private counsel in connection with the prosecution's request for custodial interrogation.

¶9 We disagree on both counts, and affirm (but on grounds somewhat distinct from those relied on by the district court). In our prior decisions in this field, we have "sometimes" suggested that "amendments to procedural statutes are . . . retroactive because they apply presently to cases whose causes of action arose in the past." *State v. Clark,* 2011 UT 23, ¶ 13, 251 P.3d 829.

But our cases ultimately stand for a "simpler proposition"—that "we apply the law as it exists at the time of the event regulated by the law in question." *Id.*

¶10 The point we made in *Clark* is that the line between substance and procedure is not ultimately an *exception* to the rule against retroactivity. It is simply a tool for identifying the relevant "event" being regulated by the law in question:

> Thus, if a law regulates a breach of contract or a tort, we apply the law as it exists when the alleged breach or tort occurs—i.e., the law that exists at the time of the event giving rise to a cause of action. Subsequent changes to contract or tort law are irrelevant. Similarly, if the law regulates a motion to intervene, we apply the law as it exists at the time the motion is filed. A change in the procedural rule would not apply retroactively to prior motions to intervene. We would not expel a party for failure to conform to a newly amended intervention rule in her prior motions.

*Id.*

¶11 This framework dictates an affirmance of the district court's decision in this case. The key question is the identification of the relevant "event" being regulated by the law in question. And here that event is the assertion of a mature request for government-funded defense resources.

¶12 The event at issue is not the alleged conduct of Rodriguez-Ramirez that gave rise to the criminal charges against him. The IDA, after all, does not define the elements of sodomy or aggravated sexual abuse of a child or dictate a sentence for, or other consequence of, such conduct. *See Landgraf v. USI Film Prods.*, 511 U.S. 244, 269–70 (1994) (explaining that a law is understood as retroactive if it "attaches new legal consequences to events completed before its enactment"). Instead, the IDA regulates Rodriguez-Ramirez's activity in the course of the criminal proceedings against him. It prescribes, specifically, the terms and conditions of the provision of government-funded defense resources long guaranteed as an adjunct to the right to counsel under the Sixth Amendment of the United States Constitution. *See Britt v. North Carolina*, 404 U.S. 226, 227 (1971)

4

(stating that the indigent defendant has a Sixth Amendment right to "the basic tools of an adequate defense").

¶13 For that reason, Rodriguez-Ramirez's first argument fails as a matter of law. Because the IDA is not regulating the events giving rise to the criminal charges at issue, the applicable law is not that version of the law in place at the time of those underlying events. On that basis, we reject the argument that Rodriguez-Ramirez had a vested right to the version of the IDA in place as of the time of his allegedly criminal activity. Rodriguez-Ramirez would have a point if the 2012 amendments altered the elements of one of the charged crimes or the penalties attached to them. But because the IDA does not regulate that underlying activity but only later events in connection with his criminal defense, the applicable law is that in place as of the date of those later events.

¶14 That conclusion requires us to clarify the relevant events being regulated by the IDA. We do so by concluding that the assertion of a right to defense resources requires the confluence of three elements: (a) the legal right to counsel and associated defense resources, which is generally triggered by the filing of formal criminal charges;[2] (b) the legal right to have those defense resources provided by the government, which is implicated by a determination of indigency;[3] and (c) the assertion of a request for defense resources, typically by the filing of a formal motion requesting such resources.[4] When these three elements come

---

[2] *See Kirby v. Illinois*, 406 U.S. 682, 688 (1972) (stating the Sixth Amendment right to counsel attaches "at or after the time that adversary judicial proceedings have been initiated against him").

[3] *See Gideon v. Wainwright*, 372 U.S. 335, 342–44 (1963) (holding that state courts are required under the Fourteenth Amendment to provide counsel in criminal cases to represent defendants who are unable to afford to retain their own counsel); *see also* UTAH CODE §§ 77-32-202 & -301 (2012) (outlining procedure for determination of indigency, and stating that "[e]ach county, city, and town shall provide for the legal defense" of a defendant who is an "indigent in [a] criminal case[]").

[4] *See* UTAH CODE § 77-32-302(1)(a) (2012) (providing that a defense services provider "shall be assigned to represent each indigent" upon "the indigent['s] request[] [for] legal defense").

together, the defendant's assertion of his right to government-funded defense resources has matured or vested. And as of that date, the defendant is entitled to the benefit of the law in place at that time. *See Clark*, 2011 UT 23, ¶ 13 (explaining that "we apply the law as it exists at the time" of the event being regulated).

¶15 Rodriguez-Ramirez's position fails under this framework. All of the events relevant to his claim for defense resources came after the effective date of the 2012 amendments to the IDA (May 8, 2012). The criminal information was filed on May 25, 2012. Private counsel entered an appearance on May 31, 2012. And the motion requesting funding for defense resources was not filed until September 7, 2012. Because the 2012 amendments were in effect when Rodriguez-Ramirez asserted a vested claim to defense resources, the amended version of the statute controls. We affirm the district court on that basis.

¶16 In so doing, we also reject Rodriguez-Ramirez's fallback position—that his right to defense resources vested as of an earlier date when he was scheduled to be interrogated by police detectives in connection with the investigation that led to the charges in this case. That date is not in the record on this appeal. But the argument is meritless in any event. Rodriguez-Ramirez would have had a right to counsel in any custodial interrogation that may have taken place.[5] But he did not have a right to *government-funded counsel*, or to the defense resources necessary to mount an adequate defense. That right did not mature until after the charges were filed against him.[6] And until that right was fully matured and exercised, Rodriguez-Ramirez had no vested right to the benefit of the law in place at an earlier date.

---

[5] *See Edwards v. Arizona*, 451 U.S. 477, 482 (1981) (stating that "an accused has a Fifth and Fourteenth Amendment right to have counsel present during custodial interrogation"); *State v. Cruz*, 2005 UT 45, ¶ 43, 122 P.3d 543 (explaining that a defendant's "right to counsel attaches during custodial interrogation, or questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way" (citation and internal quotation marks omitted)).

[6] *See Kirby*, 406 U.S. at 688.

¶17 We accordingly affirm the district court's decision applying the 2012 IDA amendments to this case. And we remand for further proceedings not inconsistent with this opinion.

_____