*This opinion is subject to revision before final publication in the Pacific Reporter.*

**2015 UT 13**

IN THE

# SUPREME COURT OF THE STATE OF UTAH

———————

STATE OF UTAH,
*Appellant,*

*v.*

JESUS EDGAR PEREZ,
*Appellee.*

———————

No. 20120716
Filed January 27, 2015

———————

Third District, Salt Lake
The Honorable Ryan Harris
No. 111909075

———————

Attorneys:

Simarjit S. Gill, D. Adam Miller, Salt Lake City, for appellant

David O. Drake, Midvale, for appellee

———————

JUSTICE LEE authored the opinion of the Court, in which
CHIEF JUSTICE DURRANT, ASSOCIATE CHIEF JUSTICE NEHRING,
JUSTICE DURHAM, AND JUSTICE PARRISH joined.

———————

JUSTICE LEE, opinion of the Court:

¶1  This is an interlocutory appeal in a pending criminal case against Jesus Edgar Perez. In this case and in several others related to it, we consider the applicability of legislative amendments to the Indigent Defense Act (IDA), Utah Code sections 77-32-101 through -704. The amended provisions override this court's construction of the prior version of the statute in *State v. Parduhn*, 2011 UT 55, ¶¶ 23–30, 283 P.3d 488, by foreclosing an indigent defendant in a criminal action from retaining private

counsel while requesting public defense resources from the government. *See* UTAH CODE § 77-32-303(2). They do so by generally conditioning an indigent defendant's eligibility for such resources on the retention of publicly funded counsel. *Id.*

¶2    The question in this and related cases[1] is the applicability of these amendments to certain cases filed or pending around the time the statute became effective (May 8, 2012). In the criminal case against Perez, the district court granted his request for government-funded defense resources on the ground that he was "entitled to the law in effect" at the time he filed his motion. We affirm. First, we identify the conduct being regulated by the IDA—the exercise of a mature right to indigent defense resources. And second, because the law in effect at the time that Perez exercised that right was the unamended version of the IDA, we affirm the district court's decision granting Perez's motion.

I

¶3    Perez stands charged with object rape, a first-degree felony. The criminal information in this case was filed on December 2, 2011, and an amended information was filed on January 5, 2012. Perez was declared indigent on December 29, 2011. Initially, he was assigned a public defender as his counsel. But in March 2012, he retained private counsel, and in April 2012, he filed a motion for the provision of a private investigator and expert witnesses to aid in his defense.

¶4    In support of his motion, Perez asserted that these resources were necessary to his preparation of a complete and adequate defense, that he had a constitutional right to the counsel of his choice, and that the version of the IDA in effect at the time of his motion was controlling. And because that version of the law had been construed by this court to "expressly contemplate[] the provision of defense resources to indigent defendants separate and apart from the provision of counsel," *State v. Parduhn*, 2011 UT 55, ¶ 26, 283 P.3d 488, Perez asserted a right to have defense resources appointed to assist private counsel in his defense.

---

[1] *See State v. Earl*, 2015 UT 12, __ P.3d __; *State v. Folsom*, 2015 UT 14 __ P.3d __; *State v. Steinly*, 2015 UT 15, __ P.3d __ *State v. Rodriguez-Ramirez*, 2015 UT 16, __ P.3d __.

¶5 Salt Lake County intervened and opposed the motion. The County agreed that Perez was indigent, but asserted that the 2012 amendments to the IDA applied to this case and foreclosed the request for resources unless Perez agreed to be represented by a public defender. Thus, in Salt Lake County's view, Salt Lake Legal Defenders Association was the "exclusive source" from which defendants could obtain defense counsel and resources absent a "compelling reason" to assign "noncontracting" defense providers, which could not be established here. And as long as Perez was represented by private counsel, the County maintained that the 2012 amendments prohibited the court from ordering the provision of state-funded defense resources.

¶6 The district court granted Perez's motion. It did so on the ground that Perez was entitled to the version of the IDA in effect at the time he filed his motion requesting defense resources. Because he filed that motion before the 2012 amendments to the IDA took effect (on May 8, 2012), the district court concluded that the pre-amendment version of the IDA applied.

¶7 The County filed a petition for interlocutory appeal, which we granted. We review the district court's decision de novo, according no deference to its legal determination of which version of the IDA applies to Perez's motion. *See Vorher v. Henriod*, 2013 UT 10, ¶ 6, 297 P.3d 614 (stating that the applicability of a statute is a matter of statutory interpretation, and thus a question of law, which we review de novo).

## II

¶8 Salt Lake County challenges the district court's decision granting Perez's motion under the unamended version of the IDA. Its arguments are twofold. First, the County asserts that the 2012 amendments should apply retroactively under a principle previously recognized in our caselaw—that a newly codified "statute or amendment [that] deals only with clarification or amplification as to how the law should have been understood prior to its enactment" should be understood to apply retroactively. *Okland Constr. Co. v. Indus. Comm'n*, 520 P.2d 208, 210–211 (Utah 1974). And second, the County contends that "procedural statutes enacted subsequent to the initiation of a suit which do not enlarge, eliminate, or destroy vested or contractual

rights apply not only to future actions, but also to accrued and pending actions." *State v. Higgs*, 656 P.2d 998, 1000 (Utah 1982).

¶9    We disagree on both points and affirm. The first point is easily disposed of. Although our past cases have occasionally alluded to a "clarification" exception to the general rule against retroactivity, we have never actually applied that principle as a freestanding exception. *See Gressman v. State*, 2013 UT 63, ¶ 16, 323 P.3d 998 (noting that "when our cases discuss the 'clarifying amendment exception,' it is always in tandem with or as a counterpart to our analysis of the . . . distinction between substance and procedure"). And our recent cases expressly repudiate the notion of an exception for clarifying amendments, emphasizing that "[t]he sole exception spelled out explicitly by statute requires an express provision for retroactivity." *Id.*; *see also Waddoups v. Noorda*, 2013 UT 64, ¶ 9, 321 P.3d 1108 (confirming that *Gressman* "repudiated" this exception).

¶10   As to the County's second point, we also disagree, but on grounds somewhat distinct from those advanced in the district court. In our prior decisions in this field, we have "sometimes" suggested that "amendments to procedural statutes are . . . retroactive because they apply presently to cases whose causes of action arose in the past." *State v. Clark,* 2011 UT 23, ¶ 13, 251 P.3d 829. But our cases ultimately stand for a "simpler proposition"—that "we apply the law as it exists at the time of the event regulated by the law in question." *Id.*

¶11 The point we made in *Clark* is that the line between substance and procedure is not ultimately an *exception* to the rule against retroactivity. It is simply a tool for identifying the relevant "event" being regulated by the law in question:

> Thus, if a law regulates a breach of contract or a tort, we apply the law as it exists when the alleged breach or tort occurs—i.e., the law that exists at the time of the event giving rise to a cause of action. Subsequent changes to contract or tort law are irrelevant. Similarly, if the law regulates a motion to intervene, we apply the law as it exists at the time the motion is filed. A change in the procedural rule would not apply retroactively to prior motions to intervene. We would not expel a party for failure to conform to a

4

newly amended intervention rule in her prior motions.

*Id.*

¶12 This framework dictates an affirmance of the district court's decision in this case. The key question is the identification of the relevant "event" being regulated by the law in question. And here that event is the assertion of a mature request for government-funded defense resources.

¶13 The event at issue is not the alleged conduct of Perez that gave rise to the criminal charge against him. The IDA, after all, does not define the elements of object rape or dictate a sentence for, or other consequence of, such conduct. *See See Landgraf v. USI Film Prods.*, 511 U.S. 244, 269–70 (1994) (explaining that a law is understood as retroactive if it "attaches new legal consequences to events completed before its enactment"). Instead, the IDA regulates Perez's activity occurring within the course of the criminal proceedings against him. It prescribes, specifically, the terms and conditions of the provision of government-funded defense resources long guaranteed as an adjunct to the right to counsel under the Sixth Amendment of the United States Constitution. *See Britt v. North Carolina*, 404 U.S. 226, 227 (1971) (stating that the indigent defendant has a Sixth Amendment right to "the basic tools of an adequate defense").

¶14 The assertion of that right requires the confluence of three elements: (a) the legal right to counsel and associated defense resources, which is generally triggered by the filing of formal criminal charges;[2] (b) the legal right to have those defense resources provided by the government, which is implicated by a determination of indigency;[3] and (c) the assertion of a request for

---

[2] *See Kirby v. Illinois*, 406 U.S. 682, 688 (1972) (stating the Sixth Amendment right to counsel attaches "at or after the time that adversary judicial proceedings have been initiated against him").

[3] *See Gideon v. Wainwright*, 372 U.S. 335, 342–44 (1963) (holding that state courts are required under the Fourteenth Amendment to provide counsel in criminal cases to represent defendants who are unable to afford to retain their own counsel); *see also* UTAH CODE §§ 77-32-202 & -301 (2012) (outlining procedure for determination of indigency, and stating that "[e]ach county, city, and town shall

defense resources, typically by the filing of a formal motion requesting such resources.[4] When these three elements come together, a defendant's assertion of his right to government-funded defense resources has matured or vested. And as of that date, the defendant is entitled to the benefit of the law in place at that time. *See Clark*, 2011 UT 23, ¶ 13 (explaining that "we apply the law as it exists at the time" of the event being regulated). Just as "[w]e would not expel a party for failure to conform to a newly amended intervention rule in her prior motions," *id.*, we cannot subject Perez to a law amended after he became entitled to government-funded defense resources and filed his motion requesting their provision. On the date he asserted a matured right to defense resources by filing his motion, he was entitled to the benefit of the law as it then stood, and the general rule against retroactivity protects his reliance interests as of that date.

¶15 We affirm on that basis. Perez filed his motion requesting the provision of defense resources in April 2012. And at that time his right to request those resources was fully vested, as the information charging him with object rape had previously been filed and he also had been determined to be indigent. Thus, Perez was entitled to the benefit of the law in place in April, and subsequent changes to the law could not be applied retroactively to undermine his motion.

¶16 We accordingly affirm the district court's decision applying the unamended version of the IDA to this case. And we remand for further proceedings not inconsistent with this opinion.

———————

provide for the legal defense" of a defendant who is an "indigent in [a] criminal case[]").

[4] *See* UTAH CODE § 77-32-302(1)(a) (2012) (providing that a defense services provider "shall be assigned to represent each indigent" upon "the indigent['s] request[] [for] legal defense").