2020 UT App 150

# THE UTAH COURT OF APPEALS

JULIE JOHNSON AND BRENT JOHNSON,
Appellants,
*v.*
OKLAND CONSTRUCTION COMPANY INC.,
Appellee.

Opinion
No. 20180967-CA
Filed November 5, 2020

Third District Court, Salt Lake Department
The Honorable Andrew H. Stone
No. 170904418

David S. Head, Attorney for Appellants

Terry M. Plant and Daniel E. Young,
Attorneys for Appellee

JUDGE GREGORY K. ORME authored this Opinion, in which
JUDGES KATE APPLEBY and RYAN M. HARRIS concurred.

ORME, Judge:

¶1     Julie Johnson and Brent Johnson appeal the district court's summary judgment dismissing their complaint against Okland Construction Company, Inc. They argue that the district court erred in ruling that the two-year statute of limitations under Utah Code section 78B-2-225(3)(b)[1] barred their claim on the

---

1. In this opinion, we consider the version of the applicable statutory provision in effect at the time of Julie's accident. *See generally State v. Clark*, 2011 UT 23, ¶¶ 13–14, 251 P.3d 829. Due to subsequent legislative amendment, some of the subsections of the key provision have been renumbered and others inconsequentially rephrased. Notably, the text formerly found in

(continued…)

rationale that Okland did not, at the time, have possession or control of the sidewalk where Julie's[2] injury occurred. We affirm.

BACKGROUND[3]

¶2    During a lunch break on July 25, 2013, Julie, an eBay employee, was walking on a sidewalk Okland had constructed on the northeastern portion of the new eBay campus in Draper, Utah. Julie tripped and fell where the sidewalk dropped off to a concrete driveway, landing on her hands and knees. On July 12, 2017, almost four years from the date of the accident, the Johnsons filed a complaint against Okland alleging that it was negligent in its construction of the sidewalk, proximately causing Julie's injuries and Brent's loss of consortium with her.[4] Specifically, in their third amended complaint,[5] the Johnsons

(…continued)

subsection (3)(b) has been moved to subsection (4)(a). *Compare* Utah Code Ann. § 78B-2-225(3)(b) (LexisNexis 2012), *with id.* § 78B-2-225(4)(a) (Supp. 2020).

2. Because both appellants share the same surname, we refer to them by their first names, with no disrespect intended by the apparent informality.

3. "[W]hen reviewing a grant of summary judgment, we recite the disputed facts in a light most favorable to the nonmoving party." *Begaye v. Big D Constr. Corp.*, 2008 UT 4, ¶ 5, 178 P.3d 343.

4. Julie received workers' compensation in connection with her injuries but eventually sought additional recovery from Okland via this lawsuit.

5. The Johnsons also brought similar claims against another construction company, the architect, and various subcontractors

(continued…)

alleged that because the road "was the same color as the adjoining sidewalk," it "looked like an extension of the sidewalk," which made it difficult for Julie to notice the drop-off. This was further compounded, they claimed, by the fact that Okland "did not mark the above sidewalks and roads or place surrounding signs in order to notify pedestrians" of the drop-off. The Johnsons also alleged that "[a]t the time of the . . . accident, [Okland was] in possession and control of the road and sidewalk where the accident took place, and [was] still performing construction."

¶3      The key facts before the district court on summary judgment were that in March 2012, eBay engaged Okland as the construction manager and general contractor for the eBay construction project, which included a three-story office building, an amenities building, an enclosed walkway between the buildings, surface parking, and landscaping of the thirty-five acre campus. Okland completed the project nearly one year later. On February 1, 2013, the project's architect issued a certificate of substantial completion that stated eBay could "occupy or utilize" the campus and that on March 18, 2013, eBay "will assume full possession" of the campus. It also stated that

> eBay assumes all responsibilities for security, maintenance, heat, utilities, damage to the [campus], and insurance from the date of Substantial Completion except as follows: Okland Construction assumes all responsibilities for

(…continued)

who were involved in constructing the eBay campus. For various reasons, these defendants were either dismissed by the district court or voluntarily dismissed by the Johnsons, resulting in Okland remaining as the lone defendant. The Johnsons do not appeal the court's dismissal of their claims against the other defendants.

insurance and damage to the [campus] caused by Okland Construction or their subcontractors during completion of the [campus] on items attached hereto.

Draper City then issued a temporary certificate of occupancy for the office building on March 14, 2013, and a final certificate of occupancy for the amenities building on March 18, 2013. A final certificate of occupancy for the office building was issued on June 28, 2013.

¶4     As part of Okland's contractual obligations, it was required to "correct any deficient work on the [campus]" for one year after the issuance of the certificate of substantial completion. To have Okland return for any such warranty work, eBay first needed to request the work, and Okland would then have to coordinate with eBay personnel and security to gain access to the campus to correct the particular defect. Throughout June and July of 2013, Okland responded to a number of eBay warranty work requests, which is not uncommon in a large-scale commercial construction project. On one occasion, eBay put in a request for Okland to fix a "cracked and buckling" sidewalk, but the sidewalk in question was on the opposite end of the campus from the one on which Julie fell. eBay never requested that Okland repair anything in the area where Julie fell.

¶5     Okland moved for summary judgment, contending that it was "entitled to judgment as a matter of law" because it "did not have possession or control of the area where [Julie] allegedly fell" and the Johnsons "failed to file their claims within the two-year statute of limitations set forth in Utah Code Ann. § 78B-2-225(3)(b)." The Johnsons opposed the motion, arguing that under Utah Code section 78B-2-225(8), the applicable statute of limitations was four years from the time of Julie's accident, as set forth in section 78B-2-307(3), and not two years, because subsection (8) rendered section 225 inapplicable because Okland

was "in possession and control of the road and sidewalk whe[n] the . . . accident took place."

¶6 The district court granted Okland's motion for summary judgment, ruling that the two-year statute of limitations applied and that the Johnsons failed to bring their claim within that time. It further held that "it is not consistent with [section 78B-2-225(1)(d)] to interpret 'improvement' as any ongoing work on a large project, extending liability to absolutely all of the project regardless of any notice to the defendant contractor."[6] And because eBay was in possession and control of the campus at the time of the accident and not Okland, the four-year exception did not apply, as a matter of law. The Johnsons appeal.

ISSUE AND STANDARD OF REVIEW

¶7 The Johnsons argue that "the trial court erred when it granted summary judgment in favor of Okland because it erroneously interpreted the word 'improvement' in Utah Code § 78B-2-225 to mean the exact location of [the] sidewalk where the . . . accident took place." The Johnsons contend that the court erroneously determined that Okland did not have possession or control of the sidewalk. Thus, in the Johnsons' view, "the exception in Utah Code § 78B-2-225(8)" was applicable. "We review a district court's decision to grant summary judgment for correctness, granting no deference to the district court's conclusions." *Gillmor v. Summit County*, 2010 UT 69, ¶ 16, 246 P.3d 102 (quotation simplified).

---

6. Utah Code section 78B-2-225 governs statutes of limitation regarding "actions related to improvements in real property." The section defines "improvement" as "any building, structure, infrastructure, road, utility, or other similar man-made change, addition, modification, or alteration to real property." Utah Code Ann. § 78B-2-225(1)(d) (LexisNexis 2012).

ANALYSIS

¶8 "When interpreting statutes, our primary goal is to evince the true intent and purpose of the Legislature." *Duke v. Graham*, 2007 UT 31, ¶ 16, 158 P.3d 540 (quotation simplified). "We look first to the plain language of the statute and presume that the legislature used each word advisedly and read each term according to its ordinary and accepted meaning." *Turner v. Staker & Parson Cos.*, 2012 UT 30, ¶ 12, 284 P.3d 600 (quotation simplified). "The plain language of a statute is to be read as a whole, and its provisions interpreted in harmony with other provisions in the same statute and with other statutes under the same and related chapters." *Duke*, 2007 UT 31, ¶ 16 (quotation simplified).

¶9 Utah Code section 78B-2-225(3)(b) sets a two-year statute of limitations from the date of discovery for causes of action not "based in contract or warranty" against a "provider"[7] related to an "improvement." Utah Code Ann. § 78B-2-225(2), (3)(a)–(b) (LexisNexis 2012). The statute defines "improvement" as "any building, structure, infrastructure, road, utility, or other similar man-made change, addition, modification, or alteration to real property." *Id*. § 78B-2-225(1)(d). "Completion of improvement" is defined as "the date of substantial completion of an improvement to real property as established by the earliest of: (i) a Certificate of Substantial Completion; (ii) a Certificate of

---

7. "'Provider' means any person contributing to, providing, or performing studies, plans, specifications, drawings, designs, value engineering, cost or quantity estimates, surveys, staking, construction, and the review, observation, administration, management, supervision, inspections, and tests of construction for or in relation to an improvement." Utah Code Ann. § 78B-2-225(1)(f) (LexisNexis 2012). Under this definition, it is clear that Okland is a "provider," which Okland does not dispute.

Occupancy . . . ; or (iii) the date of first use or possession of the improvement." *Id*. § 78B-2-225(1)(c).

¶10    The two-year statute of limitations "does not apply to any action against any person in actual possession or control of the improvement as owner, tenant, or otherwise, at the time any defective or unsafe condition of the improvement proximately causes the injury for which the action is brought." *Id*. § 78B-2-225(8). If a case "qualifies for this exception, . . . the generally applicable four-year statute of limitations" governs the claim. *Turner*, 2012 UT 30, ¶ 1 n.1 (citing Utah Code Ann. § 78B-2-307(3) (2012)). Our Supreme Court has held that the plain language of subsection (8) "does not require a legal possessory interest in the property underlying the improvement" for the exception to apply. *Turner*, 2012 UT 30, ¶ 13. Instead, it requires only "some degree of possession or control over the improvement itself." *Id.* Therefore, the exception allowing a four-year statute of limitations applies only if Julie's injury occurred at or on an "improvement" of which Okland had "actual possession or control" at the time of the injury. Utah Code Ann. § 78B-2-225(8).

¶11    In the context of this case, we must determine whether "improvement" means the entire eBay campus at the time of the injury, as the Johnsons contend, or is limited to the portions of the campus where Okland was actually doing warranty work. Experience suggests that a general contractor, like Okland, typically has actual possession or control over every part of a major construction project until the project's completion, at which point it turns the site over to the owner. And thus, the four-year statute of limitations generally will apply to any accident that occurs during the construction period, at any part of the construction site, because the contractor still has actual possession or control over the entire improvement. But once certificates of occupancy are issued and the contractor turns the site back to the owner, the improvement is deemed "[c]omplet[ed]," *id*. § 78B-2-225(1)(c), and the contractor no

longer has actual possession or control of the entire site. The contractor, therefore, can regain possession or control of any portion of the site, to address specific warranty or punch list[8] issues, only if the owner invites the contractor back to make corrections and repairs. In that case, the contractor, as a "provider" under the statute, will have control or possession only over the portions, or specific improvements, of the area that it is actually working on—not the entire site. This is evidenced by the fact that the provider will need to obtain permission to enter the site and will have "actual possession or control" only of the discrete portions of the site that the owner requested that it work on. *See id.* § 78B-2-225(8). In this scenario, the four-year statute of limitations would apply only to the limited portion of the site the provider is working on and not the entire property.

¶12 Here, it is undisputed that Okland did not perform any punch list or warranty work in the area where Julie fell after it turned the campus over to eBay. While the entire campus would have fallen under the category of "improvement" prior to the issuance of the certificate of substantial completion or certificate of occupancy when Okland was managing construction of the campus and had possession of it, the entire campus was no longer an "improvement" for purposes of section 78B-2-225's statute of limitations at the time of Julie's injury. As discussed above, the "improvement," that is, the campus, was deemed "[c]omplet[ed]," *id*. § 78B-2-225(1)(c), before Julie's injury because eBay had already explicitly "assume[d] full possession" of the campus and Draper City had issued final certificates of occupancy. Thereafter, any "actual possession or control" of some part of the campus that Okland regained was limited to the

---

8. A "punch list" is "a list of usually minor tasks to be completed at the end of a project." *Punch List*, Merriam-Webster, https://www.merriam-webster.com/dictionary/punch%20list [https://perma.cc/6R98-W8XQ].

areas eBay permitted it to return to for the purpose of performing warranty or punch list work.[9] *See id.* § 78B-2-225(8).

¶13     Thus, because Okland did not have possession or control of the sidewalk when Julie tripped,[10] the Johnsons had two years

---

9. We note that if Julie had been injured at any place on the campus that Okland was working on pursuant to the warranty, then the Johnsons would have had four years from the time of her accident to bring their claims, and their claims would have survived summary judgment given that subsection (8) requires only "some degree of possession or control of the improvement itself," such as doing repair work, to apply. *See Turner v. Staker & Parson Cos.*, 2012 UT 30, ¶ 13, 284 P.3d 600.

10. The Johnsons assert that "shortly after the . . . accident occurred, the sidewalk and curb had been painted to distinguish them from the drop-off to the road." They add that "if there is any doubt or uncertainty concerning questions of fact, the doubt should be resolved in [their] favor," and thus that the district court erred in granting summary judgment to Okland because this work created "a genuine issue of fact regarding whether or not Okland or its subcontractors painted the sidewalk and curb." But whether Okland painted the sidewalk *after* the accident is inconsequential. As we have discussed, eBay had possession or control of the entire campus and Okland did not have possession or control of the sidewalk *at the time* Julie was injured. Any remedial efforts that might have taken place after the accident had to start with eBay contacting Okland to come and repair the sidewalk and thus, if Okland gained possession or control of the sidewalk, it would have happened *after* the accident. Therefore, there is no genuine dispute of *material* fact in this regard. Furthermore, the Johnsons have produced no evidence that it was Okland—rather than eBay's own maintenance department—that painted the curb after the accident.

from July 25, 2013, to bring their claims against Okland, which they did not do. Therefore, the district court did not err in granting summary judgment to Okland on the ground that the Johnsons did not satisfy the applicable statute of limitations, as a matter of law.[11]

## CONCLUSION

¶14 Because Okland did not have possession or control of the sidewalk at the time when Julie was injured, the statute of limitations under Utah Code section 78B-2-225(3)(b) barred the Johnsons' claim against Okland.

¶15 Affirmed.

_____

11. The Johnsons also argue that the district court's ruling was erroneous because its order failed to follow the statute when it ruled that at the time of the accident the sidewalk on which Julie was injured "was in the possession and control of eBay and not Okland." They argue that the court erred in concluding that Okland had to be in possession *and* control of the improvement rather than in possession *or* control of it. This argument is unpersuasive. The court was simply pointing out that eBay had both possession and control of the sidewalk and therefore Okland could not have had either.